Mamye Lura **LAWLER** et al., Appellants,

v.

R. A. **NEATHERY** et al., Appellees.

No. 8413.

Court of Civil Appeals of Texas, Amarillo.

April 29, 1974.

**454**

Sanders, Miller & Baker, Hugh Russell, Amarillo, Sheehan & Dubuque, Dumas, for appellants.

Lovell, Lyle, Cobb & Renfer, R. A. Renfer, Jr., Dumas, R. A. Neathery, Dallas, for appellees.

ROBINSON, Justice.

This is an appeal from a judgment of August 20, 1971, and from an order denying a default judgment against one defendant in the same cause entered on May 29, 1973. A holding that the August 20, 1971 judgment is final requires dismissal of that portion of the appeal because it was not timely perfected. Because the order of May 29, 1973, was entered after the trial court lost jurisdiction of the case, the portion of the appeal regarding it is reversed and judgment rendered dismissing the motion for default judgment.

This appeal is from the third suit in this intra-family litigation. The *original suit* was brought by plaintiffs Fred, Phillip, Cris, Donna and David Speaker against defendants Mamye Lura Lawler and Jack Speaker to set aside a deed to the defendants from their mother, Martha Ann Speaker. The trial court cancelled that deed on grounds of duress and ordered that plaintiffs "have their title" to the land in question. That judgment was affirmed upon appeal, Lawler v. Speaker, 446 S.W. 2d 888 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.).

The *second suit* was brought under the declaratory judgment statute, Article 2524–1,[1] to interpret the judgment rendered

---

1. All references to rules are to the Texas Rules of Civil Procedure, and citations to statutes refer to Vernon's Annotated Civil Statutes.

in the original suit. On appeal, the court stated that a trespass to try title suit was an adequate remedy in which to raise such issues and held that Article 2524–1 was unavailable for interpretation of a prior judgment, Speaker v. Lawler, 463 S.W.2d 741 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

This *present suit*, a trespass to try title action, was then brought by Mamye Lura Lawler and Jack R. Speaker against R. A. Neathery, R. A. Renfer, Donna Speaker Hill and Fred Speaker. Fred Speaker was personally served with citation in Moore County, Texas, on July 22, 1971. That same day the return of citation was filed in accordance with Rule 107. Fred Speaker filed no written pleadings. The other defendants (Neathery, Renfer and Hill) filed a plea of "not guilty" subject to a motion denominated Defendants' Motion to Dismiss and Abate which contains the following allegation:

> "This suit is in all things res judicata, and all questions of law and of fact between the parties hereto as to the lands in controversy have been settled by prior litigation and this Honorable Court has no jurisdiction herein."

After a hearing, the trial court entered its judgment of August 20, 1971, which reads in part:

> "BE IT REMEMBERED THAT ON THIS the 20th day of August, 1971, came on to be heard Defendant's Motion to Dismiss and Abate the Plaintiff's Original Petition to trespass to try title and came the Plaintiffs by and through their attorneys of record and came Defendants by and through their attorneys of record, and all the evidence and other matters submitted to him in the said cause; . . . ."
>
> \* \* \* \* \* \*
>
> "IT IS THEREFORE ORDERED, ADJUDGED and DECREED by the Court that Plaintiff's suit above entitled and numbered is in all things dismissed and abated for want of jurisdiction in that such prior judgment in cause No. 4811, styled Phillip Speaker, et al vs. Mamye Lawler, et al, dated May 20, 1968, and July 10, 1968, is in all things res judicata to all of the title to the land above described."

Plaintiffs gave notice of appeal of this August 20, 1971 judgment of dismissal of the present suit. Bond for costs was not filed and the appeal could not be perfected. Plaintiffs then filed a motion for Judgment Nunc Pro Tunc which was denied by the trial court on October 21, 1971.

On December 17, 1971, still in the present suit, plaintiffs filed a motion requesting that the court enter a default judgment against Fred Speaker. On May 29, 1973, the trial court denied that motion by an order reading in part as follows:

> " . . . (T)he Court is of the opinion and finds that the Default Judgment against Fred Speaker should not be granted in any respect and the allegations in Plaintiffs' Motion are not true as Fred Speaker appeared and answered by his attorneys in that hearing of August 20, 1971, and the Order of this Court dated August 20, 1971, included Fred Speaker as a Defendant in such Order.
>
> "IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the Court that Plaintiffs' Motion be in all things overruled and denied."

■ The question of the jurisdiction to hear an appeal is fundamental and should be resolved before consideration of the merits. Articles 1822 and 2249; Pioneer American Ins. Co. v. Knox, 199 S.W.2d 711 (Tex.Civ.App.—Austin 1947, writ ref'd).

Appellants (plaintiffs in the present case) contend that the trial court did not have personal jurisdiction of Fred Speaker, that he was an indispensable party, and that therefore the trial court order of August 20, 1971, dismissing the suit was interlocutory. It is apparently also the position

**456**

of appellants that this judgment of dismissal became final and appealable when the order denying a default judgment against Fred Speaker was entered on May 29, 1973.

■ In this state, it is well settled that plaintiffs' filing of their petition with the clerk of the proper court commenced this suit and vested that court with subject matter jurisdiction of the suit. Rule 22 (formerly Article 1971); Hughes v. Atlantic Refining Company, 424 S.W.2d 622 (Tex.1968); Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926). The court acquired personal jurisdiction of defendant Fred Speaker when he was served. Gunter's Unknown Heirs and Legal Rep. v. Lagow, 191 S.W.2d 111, 113 (Tex.Civ.App. —Austin 1945, writ ref'd); A. J. Hill Co. v. Tex-Tan of Yoakum, 235 S.W.2d 945 (Tex.Civ.App.—Galveston 1951, writ dism'd). The judgment of the trial court plainly and unambiguously states that "plaintiff's (sic) suit" is in all things dismissed, thus effectively disposing of all issues and all parties. Such a judgment is a final judgment. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966). Any error committed by the court entering the judgment was subject to appellate review. Since, however, appeal was not timely perfected, the portion of this appeal challenging the judgment of August 20, 1971, must be dismissed for lack of jurisdiction.

■ The order of the trial court overruling and denying plaintiffs' motion for default judgment was entered more than 21 months after the entry of a final judgment disposing of the entire cause and after the trial court lost jurisdiction to modify its judgment. Rule 329b. In overruling that motion the trial court correctly recognized that there was no remaining cause of action before it; however, the proper procedure would have been to dismiss the motion for lack of jurisdiction rather than to have denied it.

■ On appeal to the court of civil appeals of a cause of which the trial court did not have jurisdiction, the proper practice is not to dismiss the appeal, but to reverse the judgment and render the order that the trial court should have entered, which, in this case, is an order dismissing plaintiffs' motion for default judgment against Fred Speaker. Rule 434; Martin v. Commercial Standard Fire & Mar. Ins. Co., 505 S.W.2d 799 (Tex.1974); Perkins v. United States Fidelity & Guaranty Co., 299 S.W. 213, 219 (Tex.Comm'n App.1927, jdgmt. adopted).

For the reasons above stated, the attempted appeal from the final judgment of August 20, 1971, is dismissed; the order of May 29, 1973, is reversed and judgment rendered dismissing plaintiffs' motion for default judgment.