Nan L. COBB, Appellant,

v.

Charles Reed ENGLISH, Independent Executor of the Estate of Mae Cobb English, Deceased, Appellee.

No. 8222.

Court of Civil Appeals of Texas, Beaumont.

Feb. 8, 1979.

Motion for Rehearing Overruled March 15, 1979.

Clark Anderson, Lufkin, for appellant Cobb.

Charles L. Carter, Jr., Crockett, for appellee English.

KEITH, Justice.

Defendant below appeals from an adverse judgment entered after a bench trial. Plaintiff is the independent executor of the Estate of Mae Cobb English, Deceased, by virtue of probate proceedings pending in the County Court at Law of Angelina County, Texas. He filed suit alleging the defendant had converted to her own use and

benefit the proceeds of a savings account which deceased and defendant had maintained in the Lufkin National Bank as an "or" account—that is to say, one payable to either of the signatories on the bank card.

Plaintiff alleged that after the death of his decedent, defendant did "wrongfully, fraudulently, unlawfully, and without the permission or consent of Charles Reed English, Independent Executor aforesaid, convert and dispose of monies in the said account totalling $15,900.44. She converted and disposed of said monies to her own personal use."

Further allegations were to the effect that defendant "refuses to return said monies to the Executor, to the Executor's damage in the sum of $15,900.44 plus Nine (9%) percent interest from the date of conversion, June 28, 1976." Plaintiff alleged, further, that the conversion was done "willfully and maliciously, with reckless disregard for the Executor's rights in said monies" for which he sought exemplary damages in the sum of $50,000.

Defendant answered fully and filed a cross-action, the nature of which is immaterial to our decision. In a trial to the court, judgment was for plaintiff in the sum of $15,900.44 with interest at nine percent from June 28, 1976, and defendant was denied any relief on her cross-action. Defendant has duly appealed upon the merits of the controversy.

■ Although the parties have not raised the question of the jurisdiction of the trial court, we do so *sua sponte* since ours is derivative jurisdiction. If the trial court had no jurisdiction, we have none; and, if at any time during the progress of a cause through the courts it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. See *City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). *Accord: Haskett v. Harris,* 567 S.W.2d 841, 843 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Longley v. Plummer,* 551 S.W.2d 87, 89 (Tex.Civ.App.—Beaumont 1977, writ dism'd); *Southwestern Bell Telephone Co. v. City of Kountze,* 543 S.W.2d 871, 873 (Tex.Civ.App.—Beaumont 1976, no writ).

Indeed, our Supreme Court in *Texas Employment Comm'n v. International Union of Elec., Radio & Mach. Wkrs.,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961), stated this rule: "Lack of jurisdiction in the district court would be fundamental error and a plea to such effect is subject to review although first presented on appeal."

More than a century ago, in *Withers v. Patterson,* 27 Tex. 491, 496–497 (1864), it was said:

"The jurisdiction of the court means the power or authority which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect. It is a plain proposition, that a court has no power to do anything which is not authorized by law.

\*  \*  \*  \*  \*  \*

[T]he court only exercises its jurisdiction when the facts exist which authorize it to do the thing in question. And the question whether the jurisdiction of a court has been exercised or not, is solved by ascertaining whether or not the facts existed which authorized the court to act as it did act."

See also: *Templeton v. Ferguson,* 89 Tex. 47, 33 S.W. 329, 332 (1895); *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069 (1926); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 644 (1933); *National Life Company v. Rice,* 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943). Cf. *Pope v. Ferguson,* 445 S.W.2d 950, 952 (Tex.1969).

■ The jurisdiction of the County Court at Law of Angelina County is limited by the statute which created such court, *Tex. Rev.Civ.Stat.Ann. art. 1970—335, § 1(b) (Supp. 1978–79).* It has concurrent jurisdiction with the constitutional county court, concurrent jurisdiction "with the district court in eminent domain cases as provided by general law and *in civil cases when the matter in controversy exceeds $500 and does not exceed $10,000, exclusive of interest.*" (emphasis supplied)

It has been said that a judgment rendered by a county court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error. *Campsey v. Brumley,* 55 S.W.2d 810, 812 (Tex.Com.App. 1932, holdings approved).

We continue our quotation from *Campsey v. Brumley,* supra:

"Jurisdiction of a court is the power or authority by which it takes cognizance of, and decides, cases. If the court has no jurisdiction of the subject-matter of the litigation, any judgment it may render is void. 11 Tex.Jur. 711, § 9 et seq., and notes. Jurisdiction may be said to be of two kinds; of the subject-matter, and of the person. Consent may give jurisdiction of the person, but cannot do so as to the subject-matter."

It is readily apparent that the trial court never acquired jurisdiction over the subject matter of the suit and its judgment is void. Nevertheless, we have jurisdiction over these appellate proceedings to determine and declare, *sua sponte,* the invalidity of the judgment. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Travelers Express Company, Inc. v. Winters,* 488 S.W.2d 890, 892 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.); *Brady v. Fry,* 517 S.W.2d 304, 308 (Tex.Civ.App.—Beaumont 1974, no writ).

Since the trial court had no subject matter jurisdiction of the cause of action asserted, we have no alternative but to reverse the judgment of the trial court and to dismiss the cause. It is so ordered. We express no opinion as to the merits of the cause of action.

Reversed and cause Dismissed.