**Larry Ken HOLDER, Appellant,**

v.

**Brenda Sue HOLDER, Appellee.**

No. 08–90–00242–CV.

Court of Appeals of Texas, El Paso.

April 3, 1991.

John L. Shepherd, Lubbock, for appellant.

Thomas J. Purdom, Lubbock, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment to enforce a property division under Tex.Fam. Code Ann. § 3.70 (Vernon Supp.1991), which was occasioned by a December 19, 1983 divorce. We dismiss.

 Point of Error No. One attacks the appellate jurisdiction. There were two judgments signed, the first on October 26, 1989, and the latter labeled "Judgment Enforcing Property Division Nunc Pro Tunc" was signed on May 31, 1990. The cost bond was timely filed correlative to the second judgment only, as it was filed within thirty days of the signing of that judgment. Tex.R.App.P. 41(a). There were no material differences between the two judgments except the signatory dates.

■ Where a second judgment has been signed within the time the trial court retained plenary power, the date of this second judgment would commence the appellate timetable. *Check v. Mitchell*, 758 S.W.2d 755 (Tex.1988). This would be so, even if the only change was the signatory date. *Clark v. McFerrin*, 760 S.W.2d 822 (Tex.App.—Corpus Christi 1988, writ denied).

■ Orders issued in a proceeding under Tex.Fam.Code Ann. §§ 3.70 through 3.72 are final judgments. *Starr v. Starr*, 690 S.W.2d 86 (Tex.App.—Dallas 1985, no writ). In absence of a timely filing of a Motion for a New Trial, or a Motion to Vacate, Modify, Correct or Reform a Judgment, the trial court loses its plenary power over its judgment after thirty days from its signatory date. Tex.R.Civ.P. 329b.

■ If the only effect of the judgment nunc pro tunc (which is filed after the trial court has lost its plenary power) is to enlarge the time for filing a Motion for a New Trial or an appeal bond, then it has no effect and the appeal must be taken from the original order. *Hamrah v. Hamrah*, 547 S.W.2d 308, 311 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Rodriguez v. Valdez*, 521 S.W.2d 668 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Point of Error No. One is overruled.

The cost bond was filed untimely some eight months after the signing of the first judgment, and the case is dismissed for want of jurisdiction.