**Santos CARRERA, Margarita Carrera and Blanca Menesis, Relators,**

*v.*

**The Hon. Herbert E. MARSH, Jr., Judge of the 243rd District Court of El Paso County, Texas, Respondent.**

**No. 08–92–00335–CV.**

Court of Appeals of Texas,
El Paso.

Jan. 20, 1993.

Stephen G. Peters, El Paso, for relators.

Jose E. Troche, Maureen Hilton, Steven L. Hughes, Mounce & Galatzan, El Paso, for respondent.

Before OSBORN, C.J., BARAJAS, J., and STEPHEN F. PRESLAR, C.J., Retired, Sitting by Assignment.

## OPINION ON REHEARING

BARAJAS, Justice.

We grant the real parties' in interest motion for rehearing, withdraw our opinion and judgment of November 25, 1992, and substitute the following:

This is an original proceeding seeking to mandamus the Honorable Herbert E. Marsh, Jr., Judge of the 243rd District Court of El Paso County, Texas, Respondent. Relators, Santos Carrera, Margarita Carrera and Blanca Menesis, seek mandamus to correct Respondent's denial of their motion to vacate order granting new trial. Specifically, Relators urge that Respondent exceeded his jurisdiction in granting a motion for new trial in the underlying cause in that the trial court's plenary power had expired and because the trial court's jurisdiction had not been properly reinstated pursuant to Rule 306a of the Texas Rules of Civil Procedure. We conditionally grant the writ of mandamus.

## I. PROCEDURAL HISTORY

Relators (plaintiffs below) originally filed suit in Respondent's court on March 12, 1986. Defendants (real parties in interest) timely answered. On October 4, 1990, Relators obtained a partial summary judgment as to liability. On September 20, 1991, Relators appeared before Respondent and obtained a judgment as to damages. Final judgment was entered and signed on October 4, 1991. Defendants and their counsel failed to appear at the hearing on September 20, 1991, allegedly due to lack of proper notice.

Approximately sixty days later, on December 3, 1991, Relators attempted to execute on the judgment. On December 13, 1991, 70 days after the judgment was signed and entered, defendants filed a motion for new trial pursuant to Tex.R.Civ.P.

306a(5). In their motion for new trial, defendants alleged that "neither the Defendants nor Defendant's [sic] counsel received actual notice of the final judgment taken by Plaintiffs in October of 1991, until the Writ of Execution was delivered to the Defendants personally in December of 1991." **The motion for new trial was not verified.** On December 18, 1991, the trial court entered its order setting hearing on the motion for new trial. Hearing on defendant's motion for new trial was set for 9 a.m., December 20, 1991. On December 20, 1991, the trial court entered its order granting new trial.[1] No statement of facts regarding the hearing on the motion for new trial heard on December 20, 1991 has been filed by Relators in support of their petition for writ of mandamus.

On February 3, 1992, Relators filed a motion to vacate order granting new trial. A hearing was held before Respondent on March 5, 1992. A statement of facts as to the hearing on Relators' motion to vacate order granting new trial has been filed as an exhibit to Relators' application for writ of mandamus. On March 13, 1992, the court sent a letter to the parties indicating a decision to grant the motion to vacate, on the grounds that the prior new trial order did not reflect a finding of the date defendants received actual notice; and as the court also noted, since there was no hearing, there was no record reflecting such a finding.

On July 21, 1992, upon reconsideration, the court signed an order denying plaintiffs' motion to vacate new trial order.[2] It

---

1. The order granting new trial, entered by the trial court on December 20, 1991 reads in its entirety as follows:

    On this the 20th day of December, 1991 **came on to be heard** and considered the Defendant's Motion for New Trial in the above styled and numbered cause, and it appearing to the Court that the Court still has plenary power over the above referenced cause of action under Rule 316a(3) [sic] Texas Rules of Civil Procedure, the Court finds that the above referenced Motion for New Trial has merit and should in all respects be granted. [Emphasis added].

    IT IS THEREFORE, ORDERED, by the Court that the judgment previously signed by this court granting Plaintiffs a final judgment

is in all respects set aside [and] all execution shall cease and Defendant's are granted a new trial, and that the matter should be set on the merits before a jury as soon as practical on the Court's docket.

SIGNED THIS 20 day of December, 1991.

/s/ HM [Herbert Marsh]

JUDGE

2. The order denying plaintiffs' motion to vacate new trial order entered by the trial court on July 21, 1992 reads in its entirety as follows [emphasis added]:

    On the 3rd day of February, 1992, Plaintiffs SANTOS CARRERA, MARGARITA CARRERA and BLANCA MENESES [sic] filed their Motion to Vacate Order Granting New Trial. Said motion was filed in an attempt to vacate

is this final order which Relators attack by petition for writ of mandamus.

## II. DISCUSSION

■ It is, and has been, the rule in our jurisdiction that in the absence of a timely filed motion for a new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment after 30 days from its signatory date. *Holder v. Holder*, 808 S.W.2d 197 (Tex.App.—El Paso 1991, no writ); Tex.R.Civ.P. 329b(d). While Tex. R.Civ.P. 306a(3) requires the clerk of the court to give notice of final judgments and other appealable orders by first class mail to all parties or their attorneys of record, such failure of the clerk to give notice does not impair the finality of the judgment or otherwise render it void. *See Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974). In that regard, when a litigant proves that he or she did not receive this notice from the clerk of court or otherwise did not receive actual notice within 20 days of the signing of the judgment, the timetables concerning trial court jurisdiction over the case and for filing a motion for new trial are extended for a maximum period of 90 days from the date the order was signed. *See* Tex.R.Civ.P. 306a(4).

■ After a court's plenary jurisdiction has expired, it cannot set aside a judgment unless it lacked *subject matter* jurisdiction to render the judgment in the first place. *Middleton v. Murff*, 689 S.W.2d 212, 213–14 (Tex.1985); *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 711 (Tex. 1961); *Davis v. Boone*, 786 S.W.2d 85, 87 (Tex.App.—San Antonio 1990, no writ).

Once default judgment is entered by the trial court, it is incumbent on the defaulted party to seek direct relief, if so desired, by pursuing any one of various avenues authorized by Texas law.

The law permits several methods of direct attack. The most common is the Rule 329b motion for new trial. A motion for new trial, if filed, shall be filed prior to or within 30 days after the judgment or other order complained of is signed. Tex. R.Civ.P. 329b(a). In the instant case, under normal circumstances, defendants were required to file their motion for new trial on or before November 3, 1991, the day the trial court's plenary power expired. However, as noted above, an exception to the 30 day rule exists when a party fails to receive notice within 20 days of the signing of the judgment as required by Rule 306a(3). In such a situation, the trial court's plenary power will be extended, and the usual appellate timetables will not begin to run, until the party or their attorney receives notice from the clerk of the court or acquires actual notice. But in no event

this Court's Order granting the new trial which was entered on or about December 20, 1991.

The Motion to Vacate New Trial Order was presented to the Court and the Court is of the opinion that the motion should be overruled. The Court finds, **after hearing the evidence presented and after reviewing the record and the parties' briefs,** that the Defendants Motion for New Trial was properly granted. The Motion for New Trial states when and how the Defendants first received notice that a judgment had been taken. The Court further finds that the Plaintiffs' attorneys, Mr. Gonzales, did admit at a March 5, 1992 hearing that Mr. Hernandez, attorney for Defendants, had stated to the Court on December 20, 1991, at the time in which Defendants' filed the Motion for New Trial, how he and his clients had first received notice of the judgment. The Court further finds that the Order granting a new trial does state therein that the Court had determined on or about December 20, 1991, that it still maintained its plenary power as of that date.

The Court further finds, based on the review of the cited authorities, that its jurisdiction had been properly invoked and that the original order granting a new trial had been validly entered.

Finally, the above determinations having been made, it also appears to the Court from the cases cited, that seventy-five days have elapsed for the granting of the new trial and that this Court has no power to vacate its order by subsequent ruling.

IT IS THEREFORE ORDERED that the motion to vacate this Court's previous order for new trial in this cause be overruled and that the case hereby stand on the court's docket for the purposes of a trial as to damages. SIGNED THIS 21 day of July, 1992.

/s/ HM [Herbert Marsh]
JUDGE

[APPROVAL AS TO FORM]

will the running of the timetables begin more than 90 days after the signing of the original judgment. Tex.R.Civ.P. 306a(4).

Texas Rules of Civil Procedure provide that in order to establish the application of paragraph (4) of Rule 306a, the party adversely affected must:

(a) not have received notice or actual knowledge within 20 days after the judgment is signed;

(b) receive notice or acquire actual knowledge within 90 days after the judgment is signed;

(c) prove in the trial court, **on sworn motion** and notice, the date on which the party first acquired notice or actual knowledge of the signing and that this date was more than 20 days after the judgment was signed. [Emphasis supplied]

Tex.R.Civ.P. 306a(4) and (5).

The record in the instant case clearly and unequivocally demonstrates that the defendants' **unverified** motion for new trial was filed more than 30 days from the signing of the judgment as provided for by Tex. R.Civ.P. 329b.[3] The central question thus presented for review is whether defendants' **unverified** motion for new trial, filed pursuant to Tex.R.Civ.P. 306a(4), is sufficient to reinvoke the jurisdiction of a trial court for the limited purpose of conducting a hearing pursuant to Tex.R.Civ.P. 306a(5).[4] For the reasons set forth in this opinion, we find that it is not.

A motion for new trial filed pursuant to Rule 306a is not unlike a motion to reinstate filed pursuant to Rule 165a.[5] Both Rules 165a and 306a provide for procedural relief in the event a party fails or neglects to appear at any hearing or trial of which the party had notice. Of greater significance to the instant case, motions to reinstate filed pursuant to Rule 165a and motions for new trial filed pursuant to Rule 306a are procedurally identical in that both require that the motions seeking relief be verified. A proper and timely motion for reinstatement has the same effect as a motion for new trial in respect to extending the time for perfecting an appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986); *State v. $2,000,000.00 in United States Currency*, 822 S.W.2d 721 (Tex.App.—Houston [1st Dist.] 1991, no writ). An *unverified* motion to reinstate does not have that effect, however, and cannot operate to extend the appellate timetable under Tex.R.App.P. 41(a). *Butts*, 705 S.W.2d at 697; *Benyo v. Hem*, 833 S.W.2d 714, 716 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Hales v. Chubb & Son, Inc.*, 708 S.W.2d 597, 598 (Tex.App.—Houston [1st Dist.] 1986, no writ); *See also Jones v. Griege*, 803 S.W.2d 486, 487–88 (Tex.App.—Dallas 1991, no writ) (parties generally cannot confer jurisdiction upon the court by waiver by agreeing to having action heard by tribunal that otherwise lacks authority to hear it); *Bay-*

---

**3.** The record in the instant case reflects that Plaintiffs' [sic] Motion for New Trial was filed December 13, 1991, beyond the period provided for in Tex.R.Civ.P. 329b.

**4.** We note that a hearing was conducted on December 20, 1991 on defendant's motion for new trial, as established in the trial court's order granting new trial as well as the order denying plaintiffs' motion to vacate new trial (see orders set forth above in their entirety, with emphasis supplied). While Relators contest the question of whether or not a hearing was actually conducted, it is their burden, on a petition for writ of mandamus, to provide this Court with an adequate record for review. *The Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); Tex.R.App.P. 50(d). Absent a complete statement of facts of the December 20, 1992 hearing, we presume that the trial court's orders above are correct in reciting that it heard evidence.

**5.** Tex.R.Civ.P. 165a provides in pertinent part as follows:

. . .

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be **verified** by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing. [Emphasis added].

*oud v. North Cent. Inv. Corp.*, 751 S.W.2d 525, 528 (Tex.App.—Dallas 1988, writ denied). A trial court abuses its discretion when it grants an unverified motion to reinstate. *McConnell v. May*, 800 S.W.2d 194 (Tex.1990).

■ Compliance with the provisions of Rule 306a is a jurisdictional prerequisite. *See Memorial Hospital v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987). Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires 30 days after entry of judgment. *Id.* at 365, *citing Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979).[6]

Rule 306a unquestionably places the burden on the movant to prove in the trial court, on **sworn** motion and notice, the date on which the party first acquired notice or actual knowledge of the signing and that this date was more than 20 days after the judgment was signed. The purpose of the sworn motion is to establish a *prima facie* case of such lack of notice, thereby reinvoking the jurisdiction of the trial court for the limited purpose of conducting a hearing, as defined above. If evidence, on sworn testimony or otherwise, establishes such lack of notice, the jurisdiction of the trial court, as well as the appellate timetables, have been appropriately extended. On the other hand, if the evidentiary hearing fails to establish such lack of notice, the plenary jurisdiction of the trial court once again expires and the appellate timetables commence as provided for in Tex. R.App.P. 41(a). Accordingly, absent a *prima facie* showing of lack of notice, presented on **sworn** motion filed pursuant to Rule 306a(5), the trial court's plenary power is not reinvoked and the trial court is without jurisdiction to conduct a hearing pursuant to Rule 306a(5).

■ The requirement of Rule 306a(4) and (5) are simple, clear and concise. For this Court to relax the mandates of the rule and hold the motion for new trial in the instant case to be sufficient to reinvoke the plenary jurisdiction of the trial court and thereby extend the appellate timetables would be tantamount to amending established rules of procedure. This rule-making power is invested solely in the Supreme Court of Texas. *See* Tex.Gov't Code Ann. § 22.004 (Vernon Pamphlet 1986). Regardless of the existence of equities in the instant case, the court of appeals is not authorized or empowered to enact or amend rules of procedure.[7] *Hales*, 708 S.W.2d at 597; *Beach v. Runnels*, 379

---

6. We are not unmindful of the fact that the Dallas Court of Appeals has considered whether a motion filed pursuant to Rule 306a(5), although unverified, serves to extend the appellate timetable under Rule 306a(4). *Thermex Energy Corporation v. Rantec Corporation*, 766 S.W.2d 402 (Tex.App.—Dallas 1989, writ denied). While our sister court, under the limited facts of *Thermex*, found that the unverified motion did indeed serve to extend the appellate timetables, this Court nonetheless declines to follow the holding in *Thermex* in that *Thermex* is contrary to the holdings and reasoning of Texas Supreme Court decisions found in *McConnell v. May*, 800 S.W.2d 194 (Tex.1990); *Memorial Hospital v. Gillis*, 741 S.W.2d 364 (Tex.1987), *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986), as well as *State v. $2,000,000.00 in United States Currency*, 822 S.W.2d 721 (Tex. App.—Houston [1st Dist.] 1991, no writ).

7. My esteemed colleague, in his dissenting opinion, suggests that disposition of the instant case lies not in a "rule interpretation but rather the conduct of the parties under the rules." The fact remains that our Texas Rules of Civil Procedure, in particular Rule 306a, dictates the conduct of the parties under those rules. As noted above, in the absence of a timely filed motion for new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment after 30 days from its signatory. *See Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex.1983); *Holder*, 808 S.W.2d at 198. Compliance with the provisions of Rule 306a is a **jurisdictional** prerequisite. Parties to litigation, through their conduct, cannot bestow **jurisdiction** on a trial court, by agreement or otherwise, once such **jurisdiction** has been lost as a matter of law. The Texas Rules of Procedure presently provide for several methods of directly attacking a judgment. To suggest that a trial court has **jurisdiction** to act after its plenary power has expired, upon agreement of the parties or through the failure of one of the parties to object, is to not only amend established and tested rules of procedure, but to enact a rule of procedure whereby parties, by agreement, can relitigate matters long after judgments have become final.

S.W.2d 684, 686 (Tex.App.—Dallas 1964, no writ). Consequently, it is for the Texas Supreme Court to reconcile their decisions in *McConnell; Memorial Hospital;* and *Butts* with their denial of writ of error in *Thermex.*

■ We have carefully reviewed the record before us and find that the defendants **unsworn** motion for new trial filed pursuant to Rule 306a(5) failed to establish a *prima facie* showing of the fact that they failed to receive notice as provided for by Rule 306a and that absent that *prima facie* showing, the trial court's plenary power had expired as a matter of law. Insofar as the defendants failed to establish the applicability of Rule 306a(4) in the trial court below in the manner prescribed by the rule, we find the trial court abused its discretion in granting defendants' **unverified** motion for new trial, filed 70 days after entry of judgment. *See McConnell,* 800 S.W.2d at 194. Accordingly, we find that the order granting new trial signed by the trial court on December 20, 1991, is void and of no effect. Likewise, we find that the motion to vacate order granting new trial and the subsequent order denying plaintiffs' motion to vacate new trial order entered by the trial court are void and of no effect. Consequently, the default judgment entered by the trial court on October 4, 1991 against the defendants is final.

Insofar as the trial court below lacked the requisite jurisdiction to grant a new trial in the instant case, as well as the requisite jurisdiction to grant or deny the order to vacate the motion for new trial, the above orders are declared null and void. *See Buttery v. Betts,* 422 S.W.2d 149 (Tex. 1968); *Cobb v. English,* 579 S.W.2d 22, 24 (Tex.App.—Beaumont), *rev'd on other grounds,* 593 S.W.2d 674 (Tex.1979); *Lawler v. Neathery,* 509 S.W.2d 453 (Tex.App.—Amarillo 1974, no writ).

We assume that the trial court in the instant case will dissolve the above orders in accordance with this opinion. The writ will issue only if the trial judge refuses to act in accordance with this opinion.

STEPHEN F. PRESLAR, Chief Justice (Ret.), dissenting.

I continue to dissent on the basis that the questions presented for review have not been preserved. I have no quarrel with the very thorough discussion of the law interpreting Rule 306a. But what is happening here is not a rule interpretation but rather the conduct of the parties under the rules. The issue of an unsworn motion was not raised in the trial court. When the trial court held the hearing on the unsworn motion for new trial (and it was a "Hearing" by written order of the court), there was no objection to the form of the motion or the willingness of any party to proceed with the hearing. For all we know, objection to form of the motion may have been expressly waived at that hearing. Under our rules of procedure, it is now waived by failure to object just as surely as if it were expressly done. We are bound to presume that all things in support of the court's order granting new trial occurred. We can not meddle in the trial court's business because someone belatedly raised a question as to the form of a pleading.