**VINEYARD BAY DEVELOPMENT COMPANY, INC., Appellant,**

v.

**The VINEYARD ON LAKE TRAVIS and Felton M. Baker, Appellees.**

**No. 3–93–196–CV.**

Court of Appeals of Texas, Austin.

Oct. 20, 1993.

Rehearing Overruled Nov. 18, 1993.

Jo Ann Merica, Law Offices of Travis R. Phillips, P.C., Austin, for appellant.

Kurt M. Sauer, Alvis, Carssow, Cummins, Hoeffner & Botsford, P.C., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

Appellant Vineyard Bay Development Company, Inc. seeks to appeal from a summary judgment of the district court of Travis County rendered in favor of appellees The Vineyard on Lake Travis and Felton M. Baker. Appellees have filed a motion to dismiss the appeal on the basis that appellant did not file a sworn motion in compliance with Tex. R.Civ.P. 306a(5) to enlarge the time within which to perfect the appeal. *See* Tex. R.Civ.P. 306a(4); Tex.R.App.P. 5(b)(4). We will overrule the motion.

The district court signed the judgment in this cause on October 27, 1992. On January 15, 1993, appellant filed a motion for new trial asserting that the district clerk did not give notice of the judgment to the parties or their attorneys, Tex.R.Civ.P. 306a(3), and that all parties first received actual notice of the signing of the final judgment on December 22, 1992. Appellant relied on Rule 306a to extend the time within which to file its motion for new trial and to perfect an appeal. On January 22nd, appellant filed a second, *sworn* motion for new trial. After a hearing, the district court overruled the motion for new trial and, in its written order, stated that appellant received notice of the signing of judgment on December 22nd.

The appellate timetable runs from the date an adversely affected party or the attorney receives notice or acquires actual knowledge of the judgment if, within twenty days after a judgment is signed, the party or the attorney has not received notice from the trial-court clerk or acquired actual knowledge of the signing of the judgment. Tex. R.Civ.P. 306(a)(4); Tex.R.App.P. 5(b)(4); *Conaway v. Lopez*, 843 S.W.2d 732, 733 (Tex. App.—Austin 1992, no writ); *Hot Shot Messenger Serv. Inc. v. State*, 798 S.W.2d 413, 414 (Tex.App.—Austin 1990, writ denied). To benefit from these provisions, appellant had to prove the date of receipt of notice in the trial court "*on sworn motion and notice.*" Tex.R.Civ.P. 306a(5); Tex.R.App.P. 5(b)(5) (emphasis added).

Appellees contend that appellant may not benefit from Rule 306a and Rule 5 because the first motion for new trial, filed on January 15th, was not sworn and the second, although verified, was filed more than thirty days after the date on which appellant alleged it received notice of the signing of the judgment. Appellees assert that, because the first motion was not verified, the district court had no jurisdiction to consider appellant's argument on the date it received actual notice. *See Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987) (compliance with Rule 306a is jurisdictional); *Carrera v. Marsh*, 847 S.W.2d 337, 341 (Tex.App.—El Paso 1993, orig. proceeding) (unverified motion insufficient to invoke jurisdiction of trial

court to conduct hearing pursuant to Rule 306a(5)).

Neither Rule 306a nor appellate Rule 5 sets a time within which a party must file a motion or the trial court must hold a hearing. *See* Tex.R.Civ.P. 306a(4), (5); Tex.R.App.P. 5(b)(4), (5); *Sur v. R.W. Otts, Inc.*, 800 S.W.2d 647, 648 (Tex.App.—Houston [14th Dist.] 1990, writ denied). As to the hearing, Rule 5 requires only that the trial court make a finding at the end of the hearing and include the finding in its order. Tex. R.App.P. 5(b)(5); *Conaway*, 843 S.W.2d at 733–34. Rule 329b, however, establishes a thirty-day period within which to file a motion for new trial. Tex.R.App.P. 329b(a). If the trial court finds that a party acquired notice or knowledge of the signing of judgment, that date becomes the date from which to count the deadline for filing a motion for new trial. Tex.R.Civ.P. 306a(1), (4); *see Levit v. Adams*, 850 S.W.2d 469, 469–70 (Tex. 1993); *Carrera*, 847 S.W.2d at 340. Appellees' argument blends Rules 306a and 329b to require that appellant have filed a sworn motion within thirty days of December 22nd, the date it learned of the signing of the judgment.

We disagree. The verified motion, filed January 22nd, established a prima facie showing that appellant first received notice on December 22nd and was sufficient to give the trial court authority to determine the question of the date of notice. Unlike the appellant in *Carrera*, on which appellees rely, appellant here did file a verified motion. In *Carrera*, the appellant filed only a single, unverified motion. *Carrera*, 847 S.W.2d at 341. Here, the trial court properly held a hearing and made the requisite finding in its order of January 22nd. *See* Tex.R.App.P. 5(b)(5). Furthermore, the record before this Court shows that appellant proved the date on which it or its attorney received notice to the trial court's satisfaction. *See Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d

402, 404–5 (Tex.App.—Dallas 1989, writ denied) (opinion on motion to compel clerk to file transcript) (failure to file sworn motion for new trial did not deprive trial court of authority to conduct hearing and receive sworn testimony);[1] *compare Corro v. Southwestern Bell Media, Inc.*, 784 S.W.2d 471, 473–74 (Tex.App.—Corpus Christi 1989, no writ) (appellant did not comply with Rule 306a where only portions of motion verified and record did not reflect appellant proved any fact regarding notice to trial court's satisfaction).

The question then is whether appellant filed a timely motion for new trial that extended the time for perfecting appeal and filing the record in this Court. *See* Tex. R.App.P. 41(a)(1). Because the filing deadline runs from December 22nd, the January 15th motion was timely filed. Tex.R.Civ.P. 329b(a). We need not consider the effect, if any, of the January 22nd motion as an amended motion for new trial filed beyond the time within which a party may amend a motion for new trial without leave of court. *See* Tex.R.Civ.P. 329b(b); *Kalteyer v. Sneed*, 837 S.W.2d 848, 850–51 (Tex.App.—Austin 1992, writ denied); *Equinox Enters., Inc. v. Associated Media Inc.*, 730 S.W.2d 872, 875 (Tex.App.—Dallas 1987, no writ). Appellant may simply have first filed a motion for new trial and, then, filed a verified motion to establish the date on which appellant received notice to invoke the trial-court's jurisdiction to consider the question of the date on which appellant first acquired knowledge of the signing of judgment. *See* Tex.R.Civ.P. 71 (when party misnames pleading, trial court may treat pleading as if properly designated); *see generally* 5 *Texas Civil Practice* § 28.46 (Diane M. Allen et al. eds., 1992 ed.).

Accordingly, we overrule the motion to dismiss.

---

**1.** In *Thermex*, the appellate court limited its statement to a hearing held within thirty days of the date on which Thermex asserted it had acquired knowledge of the signing of the judgment. *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402, 406 (Tex.App.—Dallas 1989, no writ). Here, the trial court held the hearing on the thirty-first day but during the period of its plenary power, assuming appellant established December 22nd as the date it received notice. *See* Tex.R.Civ.P. 329b(c), (d); *Conaway v. Lopez*, 843 S.W.2d 732, 733 (Tex.App.—Austin 1992, no writ).