NO. 07-05-0117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2005 

______________________________

Ex parte HARLAND P. KENYON,  

 Appellant

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 16,536; HON. FELIX KLEIN, PRESIDING

_______________________________

Order of Dismissal

_______________________________

Before QUINN, REAVIS, and CAMPBELL, JJ.

Harland P. Kenyon appeals from an order dismissing his application for writ of habeas corpus.  The writ was sought to obtain release from the purported restraint of Bruce Peel, mayor of Littlefield, Texas.  Peel had moved for dismissal, contending that the trial court lacked jurisdiction over the proceedings.  The trial court granted the motion.  We now dismiss the appeal for lack of jurisdiction.

One may not appeal from an order denying a writ of habeas corpus unless the order arose after a hearing on the merits and the trial court denied the application on the merits.  
Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991).  Next, granting a motion to dismiss due to the absence of jurisdiction is not a ruling on the merits. 
 See Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000);
 see also
 
City of Lubbock v. Rule, 
68 S.W.3d 853, 857 (Tex. App.–
Amarillo 2002, no pet.).  So because the trial court dismissed the appeal due to the lack of jurisdiction, we ourselves have no jurisdiction over the appeal.  Accordingly, the appeal is dismissed for want of jurisdiction.

Brian Quinn

      Justice

Do not publish.

 
øVê^es@

Ñ 

gbÉTtç

ù^

ç~túR4Fé}­kQGÕ

o é

i ­]eâ7cAV

]Æ9é1

0j}oõÄâd`Vñqt­Éëu­$--mä

 <zoù-Xqàp

æÖÜ­/=

X>eåx0xwùm[ú ç4EÃzKhÕ

b*{)

Fè>Ñ`nZê%Q!p6_&(Ã0

;C?

myí |/mú 5TåKíè-GO

6êd

a

!

2SãÅ'

>

Å"

}Mãiëí<

ê&Å+à#å

åZÆUàNÖÄâ%åÄiÄÃ0æ(oÄàwåÆÄà4åñÄàÅåéÄàÉåÅ

ÄâmåØ

ÄUÆ:ÄÃ0æxèáÃ0æDáâÅã áâÅëáâÅçáâÅçáÅàååáÅàå!ÅâàNåÅ

Ã

Ã

Ã

ÃÄàå-

Ãà^åçÃÃÃÃÃÃÃÃÃÃÃÃÃÃÃÃÃÃâBåÜÃ\\dc227\HPßLaserJetß4100ßPCLß6ßQ1

0(

ÕhÉHÇèâZÖåÉ6TimesßNewßRomanßRegularåÅXÅåÆ(åêÅ$=-9/yFilesà3|xåÅæÆÅUö

,cù

ÉáøAZØàñ"ArialßRegularåÆ(((å25$

0åÆ(æÕåí#$
0õåNOõåDATEõåAPPõåAPEåãå

1John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  
Tex. Gov’t Code Ann
. §75.002(a)(1) (Vernon Supp. 2003). 
åãØÅ

2Vineyard Bay Dev. Co. v. Vineyard on Lake Travis
, 864 S.W.2d 170 (Tex. App.--Austin 1993, writ denied), an opinion on which McDowell relies, is distinguishable.  Unlike here, the appellant in 
Vineyard
 filed a motion for new trial which motion extended the trial court’s plenary jurisdiction.åã#}M/sæâÕÆåèÉåÃÉÉd 
 NO. 07-03-0188-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 13, 2003

______________________________

TOMMY L. MCDOWELL,

Appellant

v.

MELANIE M. WALT, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 50,242-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

On Motion for Rehearing

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, S.J.
(footnote: 1)
 Pending before the court is the Second Motion for Rehearing of Tommy L. McDowell.  Therein, he raised several grounds which purportedly warrant reconsideration of our prior decision dismissing the appeal for want of jurisdiction.  The only one we consider, however, is that concerning the authority of the trial court to conduct a hearing under Texas Rule of Civil Procedure 306a(5).  And, upon considering it, we overrule the motion.

It should be recalled that we dismissed the appeal because the notice of appeal was untimely.  McDowell previously attempted to justify the delay by contending that neither he nor his attorney knew of the final judgment (which was signed on February 19, 2003) until April 4, 2003.  Because neither received such notice or knowledge, the provisions of Texas Rule of Appellate Procedure 4.2(a)(1) and of Texas Rule of Civil Procedure 306a(5) became applicable and extended the deadline by which he had to perfect an appeal to May 4, 2003.  And, because his notice was filed before that deadline, it was timely, McDowell continued.  Furthermore, because Rule 306a(5) said nothing about a date by which the trial court had to make the findings contemplated under the rule, it allegedly did not matter that the trial court was first asked (via motion) to make them on May 29, 2003.  Nor did it supposedly matter that a hearing on the motion was not convened until June 3, 2003.  But, it mattered to the trial court for it concluded that it had no jurisdiction to act.  The trial court was and is correct.  

Texas Rule of Appellate Procedure 4.2 states that if one affected by a judgment neither receives notice nor acquires actual knowledge of it within 20 days of the date it is signed, then periods commencing when the judgment is signed begin to run from the date the affected party receives notice or acquires actual knowledge of the judgment.  
Tex. R. App. P.
 4.2(a)(1).  However, the application of the rule is limited in several respects.  That relevant here involves the procedure to be used to secure the extended time period, and that procedure is found in Texas Rule of Civil Procedure 306a(5).  
Id.
 at 4.2(b).  

According to Rule 306a(5), the party adversely affected by the delay 

is required to prove in the trial court, on sworn motion and notice, the date  on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Though the rule says nothing about when one must attempt to satisfy the requirements of Rule 306a(5), the Supreme Court obligated the litigant to do so within that period that the trial court retains its plenary power or jurisdiction to act.  
John v. Marshall Health Serv., Inc.
, 58 S.W.2d 738, 741 (Tex. 2001).  Here, that period expired on May 4, 2003, or 30 days after McDowell and his counsel obtained knowledge of the judgment.  It did so because they did nothing to extend the trial court’s plenary power such as by filing a motion for new trial.  

In other words, failing to acquire notice or knowledge of the judgment within 20 days of its execution simply postpones commencement of the remaining period in which the trial court retains jurisdiction over the cause.  
See 
Tex. R. Civ. P
.
 306a(4) (stating that the period in which the trial court has plenary power to grant a new trial or modify its judgment begin when notice or knowledge is acquired if not later than 90 days after the judgment is signed).  Normally, and unless extended through a timely motion for new trial or to modify the judgment for instance, that period is 30 days from the date the judgment is signed.  
Tex. R. Civ. P
.
 329b(d); 
see id.
 at Rule 329b(e) (stating that if a motion for new trial is timely filed, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until 30 days after all sucå

1John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  
Tex. Gov’t Code Ann
. §75.002(a)(1) (Vernon Supp. 2003). 
åãØÅ

2Vineyard Bay Dev. Co. v. Vineyard on Lake Travis
, 864 S.W.2d 170 (Tex. App.--Austin 1993, writ denied), an opinion on which McDowell relies, is distinguishable.  Unlike here, the appellant in 
Vineyard
 filed a motion for new trial which motion extended the trial court’s plenary jurisdiction.åã#%M/sæâÕÆåèÉåÃÉÉd 
 NO. 07-03-0188-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 13, 2003

______________________________

TOMMY L. MCDOWELL,

Appellant

v.

MELANIE M. WALT, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 50,242-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

On Motion for Rehearing

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, S.J.
(footnote: 1)
 Pending before the court is the Second Motion for Rehearing of Tommy L. McDowell.  Therein, he raised several grounds which purportedly warrant reconsideration of our prior decision dismissing the appeal for want of jurisdiction.  The only one we consider, however, is that concerning the authority of the trial court to conduct a hearing under Texas Rule of Civil Procedure 306a(5).  And, upon considering it, we overrule the motion.

It should be recalled that we dismissed the appeal because the notice of appeal was untimely.  McDowell previously attempted to justify the delay by contending that neither he nor his attorney knew of the final judgment (which was signed on February 19, 2003) until April 4, 2003.  Because neither received such notice or knowledge, the provisions of Texas Rule of Appellate Procedure 4.2(a)(1) and of Texas Rule of Civil Procedure 306a(5) became applicable and extended the deadline by which he had to perfect an appeal to May 4, 2003.  And, because his notice was filed before that deadline, it was timely, McDowell continued.  Furthermore, because Rule 306a(5) said nothing about a date by which the trial court had to make the findings contemplated under the rule, it allegedly did not matter that the trial court was first asked (via motion) to make them on May 29, 2003.  Nor did it supposedly matter that a hearing on the motion was not convened until June 3, 2003.  But, it mattered to the trial court for it concluded that it had no jurisdiction to act.  The trial court was and is correct.  

Texas Rule of Appellate Procedure 4.2 states that if one affected by a judgment neither receives notice nor acquires actual knowledge of it within 20 days of the date it is signed, then periods commencing when the judgment is signed begin to run from the date the affected party receives notice or acquires actual knowledge of the judgment.  
Tex. R. App. P.
 4.2(a)(1).  However, the application of the rule is limited in several respects.  That relevant here involves the procedure to be used to secure the extended time period, and that procedure is found in Texas Rule of Civil Procedure 306a(5).  
Id.
 at 4.2(b).  

According to Rule 306a(5), the party adversely affected by the delay 

is required to prove in the trial court, on sworn motion and notice, the date  on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Though the rule says nothing about when one must attempt to satisfy the requirements of Rule 306a(5), the Supreme Court obligated the litigant to do so within that period that the trial court retains its plenary power or jurisdiction to act.  
John v. Marshall Health Serv., Inc.
, 58 S.W.3d 738, 741 (Tex. 2001).  Here, that period expired on May 4, 2003, or 30 days after McDowell and his counsel obtained knowledge of the judgment.  It did so because they did nothing to extend the trial court’s plenary power such as by filing a motion for new trial.  

In other words, failing to acquire notice or knowledge of the judgment within 20 days of its execution simply postpones commencement of the remaining period in which the trial court retains jurisdiction over the cause.  
See 
Tex. R. Civ. P
.
 306a(4) (stating that the period in which the trial court has plenary power to grant a new trial or modify its judgment begin when notice or knowledge is acquired if not later than 90 days after the judgment is signed).  Normally, and unless extended through a timely motion for new trial or to modify the judgment for instance, that period is 30 days from the date the judgment is signed.  
Tex. R. Civ. P
.
 329b(d); 
see id.
 at Rule 329b(e) (stating that if a motion for new trial is timely filed, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until 30 days after all such timely filed motions are overruled).   When notice or knowledge of the judgment is not obtained, then that 30-day period does not begin to run until notice is received.  
Id.
 at Rule 306a(4). 

At bar, notice or knowledge of the judgment allegedly was not received until April 4th.  So, the 30-day period in which the trial court retained jurisdiction to act in the cause once judgment was signed did not start running until April 4th.  And, since McDowell did not extend the period by filing a motion for new trial or the like, it expired 30 days later on May 4, 2003.
(footnote: 2)  Its jurisdiction or plenary power over the cause having expired on May 4th, the trial court had no authority to entertain the 306a(5) motion filed by McDowell on May 29th.  

Accordingly, the motion for rehearing is overruled.

Per Curiam

filed motions are overruled).   When notice or knowledge of the judgment is notåÑÃâå

'ö#'

FOOTNOTES
1:
1:
2: