Order filed May 3, 2007















 
 
  
 
 







 
 
  
 
 




Order filed May 3, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00352-CV 

                                                     __________

 

     J & R
COCHRAN FAMILY TRUST, JEREMY W. PRESLEY, TRUSTEE,

                                                       Appellant

                                                             V.

                                SUNSHINE
CORNERS, INC., Appellee

 



 

                                          On
Appeal from the 32nd District Court

                                                          Fisher County, Texas

                                                     Trial
Court Cause No. 5914

 



 

                                                                     O
R D E R

 

Our former opinion and judgment dated March 1,
2007, are withdrawn, and our opinion and judgment dated May 3, 2007, are
substituted therefor.  The motion for
rehearing filed by J & R Cochran Family Trust, Jeremy W. Presley, Trustee,
is overruled.

 

TERRY McCALL

JUSTICE

May 3, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











 
 
  
 
 







 
 
  
 
 




Opinion filed May 3, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-06-00352-CV 

                                                     __________

 

J & R COCHRAN FAMILY TRUST, JEREMY W. PRESLEY,
TRUSTEE,

Appellant

 

V.

 

SUNSHINE CORNERS, INC., Appellee

 



 

On Appeal from the 32nd District Court

Fisher County, Texas

Trial Court Cause No. 5914

 



 

M E M O R A N D U M  
O P I N I O N

 

This is an appeal from a default judgment.  We dismiss the appeal for want of
jurisdiction.

                                                               Background
Facts








The trial court entered the default judgment
against appellant, J & R Cochran Family Trust, Jeremy W. Presley, Trustee,
on September 20, 2006.  Appellant did not
file either a notice of appeal or a motion that would have extended the
deadline for filing a notice of appeal within thirty days after the judgment
was signed.  See Tex. R. App. P. 26.1.  Appellant filed an unsworn motion for new
trial on November 20, 2006, wherein it sought to extend the postjudgment
deadlines based upon the allegation that it did not have timely notice of the
default judgment.  See Tex. R. Civ. P. 306a; Tex. R. App. P. 4.2.   Appellant 
alleged in the initial motion for new trial that it did not have notice
of the default judgment until October 25, 2006. 
Appellant subsequently filed a sworn motion for new trial on November
29, 2006, in the form of a Asupplemental@ motion for new trial.

The trial court conducted a hearing on appellant=s motion for new trial on December 14,
2006.  The trial court found that
appellant had notice of the default judgment on or before October 20, 2006,
thereby making appellant=s
motion for new trial initially filed on November 20, 2006, untimely.  The trial court denied appellant=s motion for new trial in a written
order entered on December 15, 2006. 
Appellant filed its notice of appeal on December 19, 2006.

Upon the receipt of the clerk=s record in this cause, the clerk of
this court wrote the parties advising them that it appeared that appellant=s motion for new trial was not timely
filed and that, therefore, the notice of appeal was not timely filed.  The clerk=s
letter noted the trial court=s
finding that appellant had notice of the default judgment on or before October
20, 2006.  The clerk=s letter directed appellant to provide
the court with a reasonable explanation for continuing the appeal.  The letter concluded with a notification that
the appeal would be dismissed if appellant did not provide the court with a
reasonable explanation.

Appellant asserted in its written response to the
clerk=s letter
that it intended to appeal the trial court=s
determination of the date that it received notice of the default judgment.  It asserted in the response that the evidence
offered at the hearing on the motion for new trial established that it did not
have notice of the default judgment until October 25, 2006.  Even if appellant=s
contention that it did not have notice of the default judgment until October
25, 2006, is correct, we conclude that its motion for new trial seeking an
extension pursuant to Rule 306a(5) was untimely filed.

                                                                        Analysis

The supreme court recently addressed the
requirements of Rule 306a(5) in In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) (orig.
proceeding):








Post‑judgment procedural timetables‑‑including
the period of the trial court=s
plenary power‑‑run from the day a party receives notice of
judgment, rather than the day judgment is signed, if the party:  (1) complies with the sworn motion, notice
and hearing requirements mandated by Rule 306a(5), and (2) proves it received
notice of the judgment more than twenty (but less than ninety‑one) days
after it was signed.  Specifically, Rule
306a(5) requires that the party alleging late notice of judgment file a sworn
motion with the trial court establishing the date the party or its counsel
first learned of the judgment.  The
motion must be filed before the trial court=s
plenary power‑‑measured from the date of notice established under
Rule 306a(4)-- expires.  The sworn motion
establishes a prima facie case that the party lacked timely notice and invokes
a trial court=s
otherwise‑expired jurisdiction for the limited purpose of holding an
evidentiary hearing to determine the date on which the party or its counsel
first received notice or acquired knowledge of the judgment (citations
omitted).

 

In summary, a party seeking to extend postjudgment deadlines
under Rule 306a(5) must file a sworn motion to invoke the trial court=s otherwise-expired jurisdiction within
thirty days after the date that it alleges that it obtained notice of the
judgment.  See Tex. R. Civ. P. 329b(d).  

Appellant alleged in its initial motion for new
trial filed on November 20, 2006, that it did not obtain notice of the default
judgment until October 25, 2006.  While
appellant filed the initial motion for new trial within thirty days of October
25, 2006, the motion was unsworn. 
Appellant=s
unverified motion for new trial did not reinvoke the trial court=s jurisdiction to consider its claim of
delayed notice.  See Carrera v. Marsh,
847 S.W.2d 337, 340-42 (Tex. App.CEl
Paso 1993, no writ).  Since appellant did
not file a sworn motion within thirty days after October 25, 2006, the trial
court would not have had jurisdiction to extend the postjudgment deadlines even
if it had found that appellant did not obtain notice of the default judgment
until October 25, 2006.

Appellant has not invoked the appellate
jurisdiction of this court by the timely filing of a notice of appeal.  Tex.
R. App. P. 26.1; see Tex.
R. Civ. P. 306a, 329b.

                                                 This
Court=s Ruling

The appeal is dismissed for
want of jurisdiction.

 

TERRY McCALL

JUSTICE

May 3, 2007

Panel consists of:  Wright,
C.J.,

McCall, J., and Strange, J.