**Charles Wayne STARR, Appellant,**

v.

**Sandra Kay STARR, Appellee.**

**No. 05–84–00697–CV.**

Court of Appeals of Texas, Dallas.

April 8, 1985.

John H. Winborn, Dallas, for appellant.

Linda S. Aland, Dallas, for appellee.

Before GUITTARD, C.J., and WHIT-HAM and DEVANY, JJ.

PER CURIAM.

On our own motion we have inquired of counsel whether the order appealed from, the trial court's March 26, 1984 "Order in Aid and Clarification of Judgment," is appealable. The March 26 order denied appellant's motion in aid and clarification of judgment and granted in part appellee's motion in aid and clarification of judgment. We conclude that the order is appealable.

The motions in aid and clarification of judgment filed by both parties concerned a 1983 Christmas bonus earned by appellant in the course of his employment. The December 7, 1983 divorce decree awarded 33% of the Christmas bonus earned by appellant to appellee. Appellant paid appellee 33% of the net bonus he received, i.e., 33% of the amount he received after his employer withheld income taxes. The issues sought to be clarified by the motions in aid and clarification of judgment were (1) whether appellee should be paid 33% of the net bonus received by appellant or 33% of the gross bonus received by appellant, and (2) whether appellant was responsible for the income taxes on the amount he paid to appellee. The order in aid and clarification of judgment ordered appellant to prepare a Form 1099 reflecting that appellee "received $8,777.33 as her 33% of the 1983 Bonus due and paid to [appellee] ... and that of such amount $1,384.48 was withheld for taxes owed, on such amount for the benefit of [appellee] ... leaving a net amount paid to [appellee] ... of $7,392.85."

Appellee maintains that an order issued in a proceeding under sections 3.70 through 3.72 of the Family Code is not appealable because none of those sections expressly state that such an order is appealable. Sections 3.70 and 3.71 generally concern enforcement of a decree of divorce or annulment. Section 3.71(a) provides that orders to enforce the division of property in a decree of divorce are limited to orders in aid of or in clarification of the prior order dividing property. In such an order, the "court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed." TEX. FAM.CODE ANN. § 3.71(a) (Vernon Supp. 1985). Section 3.72 provides a method for clarifying a property division order before a motion for contempt is filed, presumably so that a potential contemnor cannot avoid contempt by the mere assertion that the order in question is vague or ambiguous.

Appellee correctly asserts that nothing in any of these three sections expressly states that an appeal lies from an order in aid or clarification of a prior order. We do not agree, however, with the contention that the failure of a statute to expressly state that an order is appealable precludes an appeal from that order.

The present case falls within the ambit of article 2249 of the Texas Revised Civil Statutes. Article 2249 provides: "[A]n appeal or Writ of Error may be taken to the Court of Appeals from *every final judgment* of the district court in civil

cases ... where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs." TEX. REV.CIV.STAT.ANN. art. 2249 (Vernon Supp.1985) (Emphasis added). To be final, a judgment must dispose of all parties and all issues and leave nothing in the suit for further decision except as necessary for carrying the decree into effect. *Hargrove v. Insurance Inv. Corporation,* 142 Tex. 111, 176 S.W.2d 744, 747 (1944); *In re Brecheisen,* 665 S.W.2d 191, 192 (Tex.App. —Dallas 1984, writ ref'd n.r.e.). There is no question that the trial court's March 26, 1984 order is final in that it disposes of the motions in aid and clarification of judgment filed by both parties.

The legislative grant of jurisdiction in article 2249 is sufficiently broad to allow this court to exercise jurisdiction over any and every final judgment or order, regardless of how it is denominated and regardless of the proceeding out of which it arises. Thus, we hold that the order in the present case is appealable and this court has jurisdiction over this cause. Appellee is ordered to file her brief in this cause within 30 days of the date of this opinion.