Kenneth Duane REYNOLDS, Appellant,

v.

Billie Dove REYNOLDS, Appellee.

No. 05–93–00573–CV.

Court of Appeals of Texas,
Dallas.

July 13, 1993.

Rehearing Denied Aug. 18, 1993.

Joe Putnam, Irving, for appellant.

David A. Donohue, Irving, for appellee.

Before McGARRY, C.J., and
ROSENBERG and MORRIS, JJ.

## OPINION

McGARRY, Chief Justice.

Appellant Kenneth Reynolds is attempting to appeal an enforcement order dated February 6, 1993. After the Court reviewed the transcript, it noted that the order did not prejudice him. Accordingly, the Court asked the parties to brief whether the Court had jurisdiction over the appeal. In appellant's

jurisdictional brief, he argues that he is actually appealing an earlier December 11, 1991 enforcement order but that the earlier order was interlocutory and did not become final until the trial court signed the February 6, 1993 order. We conclude that the December 11, 1991 enforcement order was final and that the time for appealing it has expired. We also conclude that Kenneth Reynolds has no standing to appeal the February 6, 1993 enforcement order. Consequently, we dismiss the appeal.

## PROCEDURAL BACKGROUND

Billie Dove Reynolds sued her husband Kenneth for divorce in 1989. The trial court signed a divorce decree on December 14, 1990. Among other items, the divorce decree awarded Billie the couple's Twelve Oaks apartment complex and "[a]ny and all gold and silver coins, bars, ingots, certificates, wheresoever located...."

On August 29, 1991, Billie filed her first motion for enforcement. She complained that Kenneth had not yet turned over all the coins and sought an order compelling Kenneth to turn the coins over by a date certain. Billie did not seek a monetary judgment in lieu of the missing coins. She also complained that Kenneth had agreed to make certain maintenance repairs to the apartment complex. Billie complained that when she and Kenneth agreed upon the property settlement, Kenneth concealed the fact that outside maintenance expenses had been incurred. Billie asked the trial court to order Kenneth to pay the maintenance expenses. Kenneth filed an answer and a countermotion for enforcement.

The trial court conducted an evidentiary hearing, and on December 11, 1991, signed an order disposing of Billie's motion for enforcement. The trial court awarded Billie a $2,500 judgment on her claim for maintenance expenses. On her claim for the missing coins, the order provided:

Respondent [Kenneth] is ORDERED to deliver all [coins] listed in his Inventory filed with the Court on October 11, 1990, to [Billie] on or before December 2, 1991. IT IS FURTHER ORDERED that should [Kenneth] fail to deliver said items to [Bil-

lie] by December 2, 1991, then this Court shall award a judgment to [Billie] for the value of the items not delivered.

Kenneth did not appeal this order.

On October 6, 1992, Billie filed her second motion for enforcement in which she sought a monetary judgment in lieu of the missing coins. Kenneth filed an answer in which he alleged that he had already given Billie all the coins in his possession. The trial court signed an order on February 6, 1993 that denied all the relief that Billie sought in her second motion for enforcement.

Kenneth filed an appeal bond on March 2, 1993, in which he indicated that he was appealing the trial court's February 6, 1993 enforcement order. After Kenneth filed the transcript, this Court sent the parties a letter that asked them to brief why Kenneth had any standing to appeal the February 6, 1993 enforcement order when the order did not prejudice him. *Buchele v. Woods,* 528 S.W.2d 95, 98 (Tex.Civ.App.—Tyler 1975, no writ). Kenneth filed his jurisdictional brief on April 27, 1993. Billie has not filed a jurisdictional brief.

## APPELLANT'S JURISDICTIONAL ARGUMENTS

Appellant contends that he is actually attempting to appeal the trial court's December 11, 1991 enforcement order. He maintains that the December 11, 1991 enforcement order was interlocutory because of the following provision: "IT IS FURTHER ORDERED that should [Kenneth] fail to deliver said items to [Billie] by December 2, 1991, then this Court shall award a judgment to [Billie] for the value of the items not delivered." Appellant contends that this language makes the judgment conditional and that a judgment cannot condition recovery on uncertain events or base its validity on what the parties might or might not do post-judgment, citing *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985) (per curiam). He notes that a judgment which reserves issues for later disposition is interlocutory. *McCormick Operating Co. v. Gibson Drilling Co.,* 717 S.W.2d 425, 426 (Tex.App.—Tyler 1986, no writ). Appellant then concludes that be-

cause the December 11, 1991 enforcement order reserves the issue of a monetary judgment for later disposition, it must be interlocutory. We disagree.

## ANALYSIS

■ Postjudgment orders in aid and clarification of divorce decrees are appealable, provided they are final orders. *Starr v. Starr,* 690 S.W.2d 86, 87–88 (Tex.App.—Dallas 1985, no writ) (per curiam). To be final, the order must dispose of all the parties and all the issues, leaving nothing for further decision except as necessary to carry the decree into effect. *Starr,* 690 S.W.2d at 88. The trial court's December 11, 1991 enforcement order was an order in aid and clarification of the divorce decree.

■ When a party is put to its proof at a trial setting, the entire case is before the trial court, and there is a presumption that any resulting judgment is final. *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966); *Thomas v. Dubovy-Longo,* 786 S.W.2d 506, 507 (Tex.App.—Dallas 1990, writ denied). The trial court conducted an evidentiary hearing on Billie's first motion for enforcement; consequently, we hold that the *Aldridge* presumption of finality applies to the trial court's December 11, 1991 enforcement order. Pursuant to that presumption, every claim not expressly disposed of, including every claim in Kenneth's countermotion, was denied. *See Aldridge,* 400 S.W.2d at 898; *see also Allen v. Allen,* 717 S.W.2d 311, 311–13 (Tex.1986).

■ Appellant argues that as long as any issue regarding the coins remained, the December 11, 1991 enforcement order remained interlocutory. However, no issue regarding the coins remained. In the context of an ordinary action, the pleadings, such as the petition, any counterclaims or cross-claims, and the answers thereto, define the issues. *See Aldridge,* 400 S.W.2d at 898. In the context of postjudgment enforcement proceedings, the pleadings are the motion for enforcement, any countermotions for enforcement, and the answers thereto. "Finality requires a determination of all the rights and liabilities of the parties *which have been placed in issue.*" *McCormick Operating Co.,*

717 S.W.2d at 426 (emphasis added). Billie did not seek a monetary judgment on the coins in her first enforcement proceeding; consequently, there was no monetary judgment issue to reserve. The trial court disposed of the only issues before it and gave Billie all the relief she requested with regard to the coins. *See Allen,* 717 S.W.2d at 313.

■ An order that definitively settles the rights controverted by the parties is final. *Ferguson v. DRG/Colony N., Ltd.,* 764 S.W.2d 874, 878 (Tex.App.—Austin 1989, writ denied). The December 11, 1991 order directed Kenneth to turn the coins over to Billie. Billie's right to the coins is not conditioned on some future, uncertain event. *Ferguson,* 764 S.W.2d at 879. Kenneth's failure to turn the coins over to Billie would not render the December 11, 1991 order interlocutory; it would, and did, result in another enforcement proceeding. A judgment that settles all the legal issues and rights between the parties is final and appealable though further proceedings may be necessary to enforce it. *Hinde,* 701 S.W.2d at 639; *Beavers v. Beavers,* 651 S.W.2d 52, 54 (Tex.App.—Dallas 1983, no writ). The reference to the monetary judgment in the December 11, 1991 enforcement order was, in the context of the first enforcement proceeding, nothing more than a statement that additional enforcement proceedings would follow if Kenneth failed to turn the coins over to Billie.

■ The December 11, 1991 enforcement order was final because the language upon which appellant relies is a reference to a potential future enforcement proceeding and not the reservation of an issue in actual controversy. Because Kenneth did not timely appeal the December 11, 1991 enforcement order, we have no jurisdiction to review it.

■ The February 6, 1993 order does not prejudice appellant; consequently, he has no standing to appeal it. Although it is true that a party of record normally is entitled to appeal, there is an additional requirement that a party's own interest must be prejudiced before it has standing to appeal. *Buchele,* 528 S.W.2d at 98. Since appellant lacks standing, this Court necessarily lacks

subject matter jurisdiction, because standing is a component of subject matter jurisdiction. *Texas Ass'n. of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993).

The appeal is dismissed.