TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00721-CV






Robert Lee Gober, Jr., Appellant



v.



Sarah June Gober, Appellee






FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL

DISTRICT

NO. 022-94, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING 






 Robert Gober appeals from a final order clarifying the decree dividing marital property in
his divorce from Sarah Gober. Robert contends the order is void. We agree and will dismiss the appeal.


BACKGROUND


 We will attempt to simplify this confusing record and set out only the pertinent pleadings
and facts in this contentious divorce. 

 On August 24, 1994, the trial court signed a decree of divorce, incorporating the parties'
property settlement agreement. Thereafter, Sarah filed a motion for new trial asking the court to set aside
its decree on the basis that the property division was grossly unfair and she had agreed to it under duress. 
The trial court granted her a new trial on the issues of property division, attorney's fees, and costs. The
trial court held a hearing on the merits and signed a decree. No appeal was taken from this judgment.

 On June 6, 1995, pursuant to motions filed, the trial court signed a
Clarification/Enforcement Order with respect to two property items and a disputed reimbursement sum not
expressly covered in the decree. No appeal was taken from this order.

 On June 15, Robert filed a motion asking the trial court to reconsider its June 6
Clarification/Enforcement Order or grant him a new trial on issues covered by the order. His motion made
clear that he did not in any way challenge the divorce decree or its terms. On August 14, the parties
appeared for a hearing on the motion. The trial court did not sign a written order, however, until October
10 when it signed two written orders, one granting a limited motion for new trial as to the June 6
Clarification/Enforcement Order and the second entitled "Final Order" with respect to clarification of the
property division.

 Robert timely filed an appeal from this second clarification order signed October 10. He
contends in his points of error five and six that the order is void because (1) his June 15 request for a new
trial was overruled by operation of law on August 20; (2) the trial court's plenary power expired September
19; and, therefore, (3) the trial court's October 10 order on clarification of property issues is void because
it was rendered outside the trial court's plenary power. Because we agree that the October 10 Final Order
is void, we will dismiss the appeal.


DISCUSSION


 Neither Robert nor Sarah appealed the June 6 Clarification/Enforcement Order. A motion
in clarification or enforcement of a divorce decree is a final, appealable judgment. Tex. Fam. Code Ann.
§§ 3.70-.72 (West 1993); Holder v. Holder, 808 S.W.2d 197, 198 (Tex. App.--El Paso 1991, no writ);
Starr v. Starr, 690 S.W.2d 86, 87-88 (Tex. App.--Dallas 1985, no writ). The order becomes final
within thirty days; the trial court's plenary jurisdiction can be extended in the event a party requests findings
of fact or files a motion for new trial. Neither party requested findings of fact, but Robert's June 15 motion
requesting a limited new trial with respect to the clarification order extended the appellate timetable.

 The trial court must sign a written order granting a new trial within seventy-five days of the
date the judgment is signed. Tex. R. Civ. P. 329b(c) & (d); Faulkner v. Culver, 851 S.W.2d 187, 188
(Tex. 1993). Otherwise, the motion for new trial is overruled by operation of law. Tex. R. Civ. P. 329b(c)
& (e); Clark & Co. v. Giles, 639 S.W.2d 449, 449-50 (Tex. 1982). Because no order was signed in
that time period, Robert's motion for new trial was overruled by operation of law on August 20, 1995. 
Even then, the trial court retained plenary power over its judgment for an additional thirty days. Tex. R.
Civ. P. 329b(e); Faulkner, 851 S.W.2d at 188; see also Transamerican Leasing Co. v. Three Bears,
Inc., 567 S.W.2d 799, 800 (Tex. 1978). During this time a trial court may grant a new trial or vacate,
modify, correct, or reform its judgment. Tex. R. Civ. P. 329b. In the absence of any written order,
however, the trial court's plenary power expired September 19, 1995. The record reflects that the order
granting a new trial and the order appealed from clarifying the property division were both signed after this
date.

 Once a trial court's plenary power expires, it can not make substantive changes or correct
judicial errors in its judgment. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex. 1970). Thus,
the June 6 order became final and the trial court could no longer grant a new trial or render a different
judgment on those issues. Because the trial court was without jurisdiction to order a new trial or make
substantive changes to the June 6 order, the October 10 orders purporting to do so are necessarily void. 
Tex. R. Civ. P. 329b; State & County Mutual Fire Ins. Co. v. Kelley, 915 S.W.2d 224, 227 (Tex.
App.--Austin 1996, orig. proceeding). We agree with the complaints Robert raises in his fifth and sixth
points of error.

 Although correct on these points of error, Robert also attempts in this appeal to attack the
trial court's rulings in the June 6 Clarification/Enforcement Order as well as disputed matters covered by
temporary orders rendered before that date. Our holding that the October 10 order is void, however, does
not entitle Robert to appeal earlier orders of the trial court or authorize this Court to review orders that
were either unappealed or unappealable. The trial court's rulings of June 6 became final and were not
appealed. Because we agree that the October 10 order from is void, we have no alternative but to dismiss
the appeal. 

 We hold that the October 10, 1995 Final Order is void because it was rendered after the
trial court's plenary power expired with respect to the issues it purports to cover. We, therefore, reverse
the judgment and dismiss the appeal. 



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Appeal Dismissed for Want of Jurisdiction

Filed: July 24, 1997

Do Not Publish



 a written order, however, until October
10 when it signed two written orders, one granting a limited motion for new trial as to the June 6
Clarification/Enforcement Order and the second entitled "Final Order" with respect to clarification of the
property division.

 Robert timely filed an appeal from this second clarification order signed October 10. He
contends in his points of error five and six that the order is void because (1) his June 15 request for a new
trial was overruled by operation of law on August 20; (2) the trial court's plenary power expired September
19; and, therefore, (3) the trial court's October 10 order on clarification of property issues is void because
it was rendered outside the trial court's plenary power. Because we agree that the October 10 Final Order
is void, we will dismiss the appeal.


DISCUSSION


 Neither Robert nor Sarah appealed the June 6 Clarification/Enforcement Order. A motion
in clarification or enforcement of a divorce decree is a final, appealable judgment. Tex. Fam. Code Ann.
§§ 3.70-.72 (West 1993); Holder v. Holder, 808 S.W.2d 197, 198 (Tex. App.--El Paso 1991, no writ);
Starr v. Starr, 690 S.W.2d 86, 87-88 (Tex. App.--Dallas 1985, no writ). The order becomes final
within thirty days; the trial court's plenary jurisdiction can be extended in the event a party requests findings
of fact or files a motion for new trial. Neither party requested findings of fact, but Robert's June 15 motion
requesting a limited new trial with respect to the clarification order extended the appellate timetable.

 The trial court must sign a written order granting a new trial within seventy-five days of the
date the judgment is signed. Tex. R. Civ. P. 329b(c) & (d); Faulkner v. Culver, 851 S.W.2d 187, 188
(Tex. 1993). Otherwise, the motion for new trial is overruled by operation of law. Tex. R. Civ. P. 329b(c)
& (e); Clark & Co. v. Giles, 639 S.