Dismissed and Opinion filed March 13, 2003









Dismissed and Opinion filed March 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01286-CV

____________

 

LORA
I. THOMAS, Appellant

 

V.

 

FLOYD
E. THOMAS, Appellee

 



 

On
Appeal from the 247th District Court

Harris
County, Texas

Trial
Court Cause No. 97-19946

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed July 18,
2002.  The July 18, 2002, order amended
the original order, signed on May 7, 2002, dismissing appellant=s petition for enforcement,
reformation, clarification and/or aid of judgment and for declaratory
judgment.  A motion for new trial was
filed on June 6, 2002.  Appellant=s notice of appeal was untimely filed
on November 26, 2002.

When an appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a).








Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On January 29, 2003, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  In her response, appellant stated that she is
appealing an order signed October 30, 2002, rather than the July 18, 2002,
order specified in her notice of appeal. 

Rule 25.1(d) requires an appellant to include certain
information in the notice of appeal. 
Specifically, the notice must state the date of the judgment or order
appealed from.  Tex. R. App. P.  25.1(d).  Appellant
specified in her notice of appeal that she was appealing the July 18, 2002
amended order.  The rules allow an
appellant to amend a notice of appeal to correct a defect or omission, Tex. R. App. P. 25.1(f), but the notice
of appeal filed in this case contains neither a defect nor an omission.  Appellant specified the order she intended to
appeal; however, she failed to file this notice of appeal within the required
period for perfection.  








Postjudgment orders in aid and clarification of
divorce decrees are appealable, provided they are
final orders.  Reynolds v. Reynolds,
860 S.W.2d 568, 570 (Tex. App.BDallas 1993, writ denied).  To be final, the order must dispose of all
the parties and all the issues, leaving nothing for further decision except as
necessary to carry the decree into effect. 
Id.  The July 18, 2002,
order was a final, appealable order adjudicating
appellant=s motion for enforcement concerning
provisions for spousal maintenance.  See
Richey v. Bolerjack, 589 S.W.2d 957, 959 (Tex.
1979) (finding a judgment concerning child support arrearages final and appealable because the judgment contains no specific
reservation of judgment on any other part of the case pending before the
court); Reynolds, 860 S.W.2d at 570 (finding order final and appealable that granted motion for enforcement seeking
payment of ordered maintenance expenses). 


Appellant now asks that we ignore the specific language in
her notice of appeal indicating she is appealing the July 18th order, and
instead, asks that we allow her to appeal a completely different order, signed
on October 30, 2002, not mentioned in the notice of appeal.  If the two orders were not separately appealable, appellant could amend a notice of appeal from
an interlocutory order to include a subsequent final judgment.  See, e.g., Noorian
v. McCandless, 37 S.W.3d 170, 173 (Tex. App.BHouston [1st Dist.] 2001, pet. denied)(party can amend
defective notice of appeal that appealed from interlocutory order leading to
final judgment).  In this case, however,
there is no interlocutory order.  The
July 18th and October 30th orders are separately appealable.  The October 30th order adjudicates a separate
motion, unrelated to the motion adjudicated by the July 18, 2002, order.  The October 30th order denied appellant=s motion for enforcement by contempt
for failure to maintain health insurance and for failure to pay uninsured
expenses and for clarification and for judgment nunc
pro tunc. 
Because the October 30th order adjudicates a separate and distinct
motion for enforcement, it is also a final and appealable
order.  Thus, there is no defect or
omission in the notice of appeal to be amended. 
No notice of appeal was filed by appellant specifying the intent to
appeal the October 30th order. 

Because we find the notice of appeal challenging the July 18,
2002, order was 
untimely filed and may not be amended, we have no jurisdiction
over this appeal.  Accordingly, the
appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 13, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.