PER CURIAM HEADING









                NO.
12-06-00099-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

J. STEVEN UNGER AND

ELLEN L. UNGER,  §          APPEAL
FROM THE 392ND

APPELLANTS

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

RANDY REAVES AND

GARY REAVES,       §          HENDERSON
COUNTY, TEXAS

APPELLEES




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Appellants,
J. Steven Unger and Ellen L. Unger, attempt to appeal an order denying their
motion for clarification or, alternatively, motion for judgment nunc pro tunc,
which was signed on March 22, 2006.  The
motion related to an order signed on December 12, 2005 granting the Ungers a
permanent injunction against Appellees, Randy Reaves and Gary Reaves, in a real
property case.

            Unless
otherwise authorized by statute, an appeal may be taken only from a final
judgment.  Tex. Civ. Prac. & Rem. Code. Ann. §§ 51.012, 51.014
(Vernon 1997 & Supp. 2005).  A
judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record, except as necessary to carry out the decree.  Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  An order
denying a motion for clarification is not a final, appealable order.  Dick Poe Motors, Inc. v.
DaimlerChrysler Corp., 169 S.W.3d 507, 511 (Tex. App.–El Paso 2005, no
pet.).  Similarly, an order denying a
motion for judgment nunc pro tunc is not a final, appealable order.  Shadowbrook Apartments v. Abu-Ahmad,
783 S.W.2d 210, 210 (Tex. 1990).








            On March 26,
2006, the Ungers filed a withdrawal of notice of appeal in the trial court, but
not in this Court.  On April 7, 2006, the
Clerk of this Court notified the Ungers, pursuant to rule of appellate
procedure 37.2, that the information received in this appeal does not include a
final judgment or appealable order and therefore does not show the jurisdiction
of this Court.  The Ungers were further
notified that the appeal would be dismissed unless the information filed was
amended on or before April 17, 2006 to show our jurisdiction.  In response to our notice, the Ungers cited Starr
v. Starr, 690 S.W.2d 86 (Tex. App.–Dallas 1985, no writ) in support of
their contention that a motion to clarify is a final, appealable order.  The order in that case was entered in a
statutory clarification proceeding and, as such, was determined to be a final
judgment.  Therefore, Starr
is distinguishable from the case at hand.

            This Court’s
appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable.  City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014.  Because the order the Ungers seek to appeal
is neither a final judgment nor an interlocutory order deemed appealable by the
legislature, we are without jurisdiction to consider this appeal.  Accordingly, we dismiss the
appeal for want of jurisdiction. 
See Tex. R. App. P.  42.3(a). 
We take no action on the Reaves’s motion to dismiss.

Opinion delivered April 28,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)