**Opinion issued November 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01054-CV

————————————

## CRAIG N. KITCHEN, Appellant

## V.

## JOHN J. NORKUS, JR., ENSIGN INVESTMENTS, LLC, JON WASHAM, MIKE R. GILBERT, AND RUTH LEWIS WASHAM, Appellees

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 1201796**

---

## MEMORANDUM OPINION

Appellant, Craig N. Kitchen, challenges the trial court's summary judgment

in favor of appellees, John J. Norkus, Jr., Ensign Investments, LLC, Jon Washam,

Mike R. Gilbert, and Ruth Lewis Washam, in their suit against Millennium Energy Group, LLC ("Millennium") and him for breach of contract, fraud, and fraud by nondisclosure. In one issue, Kitchen contends that the trial court erred in granting summary judgment in favor of appellees on their breach-of-contract claim.

## Background

Millennium was a start-up business with plans to manufacture, develop, produce, and sell batteries. Appellees loaned money to Millennium in exchange for promissory notes signed by Kitchen on behalf of Millennium. Millennium and appellees also entered into royalty agreements whereby appellees were to pay certain funds to Millennium in exchange for a royalty interest in the batteries Millennium produced.

After Millennium failed to repay them on the promissory notes, appellees sued Millennium for breach of contract, fraud, and fraud by nondisclosure, and Kitchen for fraud and fraud by nondisclosure. Appellees filed a motion for summary judgment against Millennium on their claims for breach of contract, fraud, and fraud by nondisclosure, and against Kitchen on their claims against him for fraud and fraud by nondisclosure. The trial court granted appellees summary judgment against Millennium for breach of contract only, and it denied them summary judgment as to the fraud and fraud by nondisclosure claims against both Millennium and Kitchen. Appellees then moved to dismiss without prejudice their

2

claims for fraud and fraud by nondisclosure against Millennium and Kitchen, and the trial court granted their motion.

## Dismissal

On June 11, 2013, counsel for Millennium and Kitchen filed a motion to withdraw as appellate counsel, and this Court granted counsel's motion. Because a corporation may be represented only by a licensed counsel if it desires to prosecute an appeal, we dismissed Millennium as an appellant on August 22, 2013, after it had failed to obtain new counsel. *See Moore v. Elektro-Mobile Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied).

Kitchen's appeal remained on the Court's docket. However, as explained above, the judgment rendered by the trial court granted summary judgment only on the breach of contract claim against Millennium. The trial court did not enter a summary judgment order against Kitchen. The remaining claims for fraud and fraud by nondisclosure against Kitchen were dismissed by the trial court in a separate order. Because the trial court's order entering summary judgment against Millennium did not prejudice Kitchen, he has no standing to appeal the grant of summary judgment. *See Hicks v. Duff*, No. 05-95-00905-CV, 1996 WL 499812, at *1 (Tex. App.—Dallas Aug. 29, 1996); *Reynolds v. Reynolds*, 860 S.W.2d 568, 570 (Tex. App.—Dallas 1993, writ denied). Because Kitchen has no justiciable interest in the summary judgment granted against Millennium, he lacks standing,

3

and this Court necessarily lacks subject matter jurisdiction over this appeal. *See A & B Bolt & Supply, Inc. v. Nat'l Oil Well Varco, LP*, No. 01-07-01069-CV, 2008 WL 340511, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008) (mem. op., not designated for publication) (dismissing certain appellants who were not enjoined by trial court's order).

Kitchen raises no complaint and seeks no relief from the trial court's order dismissing appellees' claims against him for fraud and fraud by nondisclosure. Appellate briefs are to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also Howeth Invs., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 902 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (declining to reach, for lack of adequate briefing, appellate challenge lacking citation to authority and sufficient legal analysis); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing). Accordingly, we dismiss this appeal.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Brown.

4