**Concurrence on Order filed March 26, 2020.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-20-00090-CV

### IN THE MATTER OF THE MARRIAGE OF ERIC STEVEN MCQUEEN AND VANICHA MCQUEEN

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-32970**

## CONCURRENCE ON ORDER

Rules should be fair. Rules should make sense. A court applying rules should be predictable and forthright.

Lack of subject-matter jurisdiction is fundamental error. An appellate court cannot change a trial-court judgment that is not before the appellate court on appeal.

All these notions about rules and jurisdiction are present in this appeal. This

court should address them. It does not.

The parties have filed a joint motion to dismiss after reaching "an agreement to compromise and settle their differences." The Texas Rule of Appellate Procedure the parties cite is "Rule 42.1 Voluntary Dismissal in Civil Cases." They have asked this court to render judgment "effectuating the parties' agreement," which Rule 42.1(a)(2)(A) generally allows.

The court denies the motion, which it should. But the court's order denies the motion for the following reason:

> We cannot grant the parties' request to dismiss the appeal because it is not clear that they seek dismissal as opposed to disposition under Rule 42.1(a)(2) based on a settlement. We cannot grant the joint motion under Rule 42.1(a)(2) because the parties have not requested one of the three options available under this subsection.

In doing so, the court blames the parties and hypertechnically parses their motion to see if it contains magic words purportedly required by Rule 42.1(a)(2). Although the parties use the word "dismiss," the court somehow concludes that the problem is that the parties have not invoked the proper terminology to seek relief available under "Rule 42. Dismissal" and "Rule 42.1. Voluntary Dismissal in Civil Cases."

While the court's rationale for denying the motion leaves something to be desired, there is an unspoken, meritorious reason to deny the motion. The parties' settlement agreement seeks to "negate" a separate, appealable final enforcement order that is not a part of this appeal. This court has no subject-matter jurisdiction over that separate final order, and rendering the judgment the parties request in their motion would be fundamental error if this court were to do so.

A motion to dismiss an appeal may seem like a minor thing on the court's "to-do list." But this case is important to the parties. They deserve a full

explanation that makes sense. I concur that the motion must be denied, but I do not agree with the majority's explanation that the reason is the parties failed to use magic words. Why send them away to return another day without explaining that the real problem is that they requested rendition of a judgment we have no power to grant?

Accordingly, I concur in denying the motion to dismiss without prejudice, but I do not join the rationale of the order.

This is an appeal filed by Eric Steven McQueen from a final order signed November 4, 2019 granting Vanicha McQueen's motion for enforcement of the April 5, 2012 divorce decree regarding medical support for children. No clerk's record has been filed; this court only has a noncertified copy of the order that is attached to the notice of appeal. The order renders judgment against Eric Steven McQueen and in favor of Vanicha McQueen for $8,959.10 as of September 16, 2019.[1]

On February 13, 2020, before the clerk's record and appellate briefs were filed, the parties filed a joint motion to dismiss the appeal. *See* Tex. R. App. P. 42.1. The motion recites the signed agreement as required by Texas Rule of

---

[1] The Family Code provides that the Texas Rules of Civil Procedure apply to such orders. Tex. Fam. Code Ann. § 9.006(a). Each final order issued in a proceeding with enforcement of a divorce decree is a final, appealable judgment. *Starr v. Starr*, 690 S.W.2d 86, 87–88 (Tex. App.—Dallas 1985, no writ) (per curiam) (construing (1) former Family Code sections 3.70 to 3.72, Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, secs. 3.70–.72, 1983 Tex. Gen. Laws 2346, 2350–52, *repealed by* Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, § 3, 1997 Tex. Gen. Laws 8, 43 (currently Tex. Fam. Code Ann. §§ 9.001–.008) and (2) former Revised Statutes article 2249, Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 55, 1981 Tex. Gen. Laws 761, 785, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9, 1985 Tex. Gen. Laws 3242, 3322 (currently Tex. Civ. Prac. & Rem. Code Ann. § 51.012) (general grant of appellate review in civil cases)).

Appellate Procedure 42.1(a)(2):

> The parties agree to negate the enforcement orders signed by the trial court on November 4, 2019, including releasing each party from the judgments set forth in each enforcement order. Eric Steven McQueen shall be released from the Judgment of $8,959.10 and Vanicha McQueen shall be release [sic] from the Judgment of $1,750.00.[2]

Problematically, in addition to requesting alteration of the appealed final enforcement order against Eric Steven McQueen, the agreement appears to request an alteration of an apparent separate final enforcement order against Vanicha McQueen. There is no appeal of that separate final enforcement order pending in this court.

The parties' joint motion to dismiss the appeal nonetheless asks this court "to set aside the trial court's judgment and render a judgment effectuating the parties' agreement." Rule 42.1(a)(2)(A) allows this court, in "accordance with an agreement signed by the parties or their attorneys and filed with the clerk,"[3] to "render judgment effectuating the parties' agreement." Tex. R. App. P. 42.1(a)(2)(A).[4] While the parties added the surplusage of "set aside the trial court's

---

[2] In an ideal world, the agreement submitted to the court would track the language of the judgment the parties wish the court to render, *i.e.*, "We agree to have the court render judgment as follows . . . ." In any event, the necessary elements of the judgment must be in the agreement, so that the court is not left guessing as to how to proceed "in accordance with the agreement."

[3] Rule 42.1(a)(2) requires the agreement to be signed by the parties and be filed with the clerk, meaning the appellate clerk. An appellate court cannot review an agreement that is not filed with the clerk and should not grant a voluntary motion to dismiss by agreement when the agreement is not on file.

[4] Rule 42.1(a)(2) allows this court, in "accordance with an agreement signed by the parties or their attorneys and filed with the clerk," to (A) render judgment effectuating the parties agreement, (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement, or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement. Either way, the

judgment" in their motion, they have substantively asked for relief under Rule 42.1(a)(2)(A). Were this court to "render judgment effectuating the parties' agreement," it would effectively set aside the trial court's post-divorce decree final enforcement order against Eric Steven McQueen.[5]

The parties do not cite any authority that would allow this court to use Texas Rule of Appellate Procedure 42.1 to affect a separate final enforcement order that the trial court may have signed against Vanicha McQueen and in favor of Eric Steven McQueen for $1,750.00 from which Vanicha McQueen appears to have not filed a notice of appeal. *See* Tex. R. App. P. 25.1, 26.1. The parties' agreement plainly reflects their desire to "negate" not only the final enforcement order appealed by Eric Steven McQueen, but also the apparent final enforcement order against Vanicha McQueen over which this court has no jurisdiction.[6] Texas Rule of Appellate Procedure 42.1(a)(2) only allows this court to change a final judgment "[i]n accordance with an agreement signed by the parties or their attorneys and filed with the clerk."

---

rule requires it be done "in accordance with the agreement." Under Rule 42.1(a)(2)(A) or (B), the appellate court must review the agreement and determine whether that agreement is capable of being rendered into a legally permissible judgment. Rendition of a proper judgment is not a responsibility that a court can delegate to the parties. *See generally* Tex. R. Civ. P. 300, 301.

[5] Moreover, the fact that the parties request that the appeal be "dismissed" should not be controlling. None of the three options under Rule 42.1(a)(2) is actually a simple "dismissal" of the appeal; instead Rule 42.1(a) states "[t]he appellate court may dispose of an appeal as follows," with the three options under Rule 42.1(a)(2) "By Agreement" accompanying Rule 42.1(a)(1) "On Motion of Appellant." I do not believe that the proper disposition turns on the use of the word "dismiss" as opposed to the word "dispose." If the court wishes to be hypertechnical, it should criticize the text of Rule 42, not the parties' motion.

[6] This court does not know if the trial court continues to have plenary power over the apparent final enforcement order against Vanicha McQueen.

No one at this court is opposed to parties settling an appeal. There is a way to resolve the parties' dispute within the rules, and it should go without saying that this court should follow the Texas Rules of Appellate Procedure.[7] Because little guidance exists in caselaw concerning Rule 42.1(a)(2), the parties should not be faulted for their motion. But the court does not inform the parties about the central problem with their motion, thereby denying the parties useful guidance if they file another motion to dismiss.

In general, this court appropriately focuses its energy on writing opinions that address every issue raised and necessary to a final disposition of those appeals. Tex. R. App. P. 27.1. But the court also must render proper judgments. After all is said and done, the opinion is an explanation of the court's judgment, not vice versa. And like a well-drafted contract, a proper appellate judgment should stand alone. The agreement that forms the basis of this agreed dismissal is insufficient for this court to render a proper judgment,[8] and the court correctly denies the motion without prejudice so that the parties may file, if they chose to proceed under Rule 42.1(a)(2)(A) or 42.1(a)(2)(B), a subsequent motion with an agreement they draft on which either this court or the trial court can render judgment, effectively "dismissing" the appeal. The parties may also file a motion under Rule

---

[7] If the court determines that it is necessary to expedite a decision or for other good cause, the court may suspend a rule's operation in a particular case and order a different procedure. Tex. R. App. P. 2. Rule 2, however, does not allow this court to alter the time for perfecting an appeal in a civil case. In addition, even if there is a final enforcement order against Vanicha McQueen that is no longer appealable, the parties could make the release of that judgment part of any future settlement.

[8] As the court points out, the parties' agreement does not address taxation of costs, even though the motion recites, "All costs on appeal should be taxed in accordance with the parties' agreement." Were there no other reason to deny the motion, I would invoke the default provision of Rule 42.1(d) and tax costs against the appellant. Tex. R. App. P. 42.1(d).

42.1(a)(2)(C), or Eric Steven McQueen may file a motion under Rule 42.1(a)(1). Regardless, the court should be up front with the parties and explain why their motion does not allow this court to grant the judgment they seek.

Rules matter. Process matters. Transparency matters. Believing that the parties deserve better, I concur in denying the motion to dismiss without prejudice, but I do not join the rationale of the court's order.

/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Frost, C.J, Majority).