**DISMISSED in part; AFFIRMED in part; and Opinion Filed February 1, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00510-CV**

**JOSEPH CHANDY,**
**THOMAS KOOVALLOOR, MATHEW JACOB, RAJU P. ABRAHAM,**
**JOHN VARGHESE, JOHNSON PAULOSE, JAMES KADAVUNKAL,**
**AMMINI MATHEW, ANNIE ABRAHAM, BABY KURIAKOSE,**
**PAILY K. SCARIA, FR. RAJAN PETER, JAMES JOSEPH,**
**GEORGE NIRAPPUKANDATHIL, ALICE VALSAMMA,**
**ABRAHAM CHERIAN, VARGHESE P. KUNNATH,**
**MARY M. KUNNATH, KOSHY M. THOMAS, ABRAHAM VARGHESE,**
**THOMAS CHACKO, LEELAMMA THOMAS, VILAYIL STEPHEN,**
**LUKOSE CHACKO, ANNAMMA CHACKO, GEORGE VARGHESE,**
**JACOB KURIAKOSE, BABY THOTTUKADAVIL,**
**PAULOSE KURIAKOSE, MOLLY KURIAKOSE,**
**CHINNAMMA PAULOSE, AND PAULOSE VARKEY, Appellants**
**V.**
**KERALA CHRISTIAN ADULT HOMES, LLC,**
**F/K/A KERALA CHRISTIAN ADULT HOMES I, LLC,**
**F/K/A KERALA CHRISTIAN ADULT HOMES, I, L.P., Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-05907-2017**

# OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

This is a dispute about the continuation of a receivership. Appellant Joseph Chandy and certain intervenors appeal the trial court's order denying a motion to dissolve the receivership. The receiver, Kevin D. McCullough, has moved to dismiss Chandy's appeal for lack of jurisdiction. We grant the receiver's motion to dismiss Chandy's appeal. In the intervenors' appeal, we affirm the trial court's order.

## BACKGROUND

Chandy is one of the defendants in a lawsuit filed by Kerala Christian Adult Homes, LLC ("KCAH") arising from an unsuccessful venture to develop a retirement community in Royse City. In 2005, KCAH purchased over 400 acres of land in Royse City for the venture. KCAH bought the land with investment money from 150 individuals and couples who purchased membership interests in KCAH at a stated price of $25,000.00 per person.

In the years following, Chandy loaned over $2 million to KCAH in connection with the venture and later recorded deeds of trust to secure the loans with KCAH's Royce City property. On August 1, 2017, Chandy foreclosed on more than 200 acres of the secured property.

KCAH sued Chandy two weeks later, alleging breach of contract, fraud, breach of fiduciary duty, and other claims. That suit was later consolidated with KCAH's suit against another of its lenders, Joshy Abraham, in which Kevin D. McCullough had already been appointed as receiver ("Receiver"). After the

–2–

Receiver negotiated a settlement with Abraham, a group of KCAH's members[1] ("Objecting Members") intervened by motion (1) to object to the proposed settlement and (2) in KCAH's name, to vacate the order appointing the receiver or to dissolve the receivership. Chandy filed motions to concur with the Objecting Members' motions. By order dated April 2, 2020, the trial court denied the motion to vacate the Receiver's appointment or dissolve the receivership (the "Receivership Order"). On the same date, the trial court signed a separate order granting the Receiver's motion to approve the settlement with Abraham. In this appeal, Chandy and the Objecting Members challenge only the Receivership Order.

Chandy filed a notice of appeal on May 1, 2020, followed by a motion to extend the time to file the notice. We granted Chandy's motion and deemed his notice of appeal timely for jurisdictional purposes. The Objecting Members filed a notice of appeal in the trial court on May 15, 2020, and in this Court on May 19, 2020, but did not request an extension of time. The Receiver moved to dismiss Chandy's appeal for lack of jurisdiction and the Objecting Members' appeal as untimely. By order of July 22, 2020, we denied the Receiver's motion to dismiss the

---

[1] As listed in their brief, these members are Thomas Koovalloor, Mathew Jacob, Raju P. Abraham, John Varghese, Johnson Poulose [other record references show this surname as "Paulose"], James Kadavunkal, Ammini Mathew, Annie Abraham, Baby Kuriakosek [other record references show this surname as "Kuriakose"], Paily K. Scaria, Fr. Rajan Peter, James Joseph, George Nirappukandathil, Alice Valsamma, Abraham Cherian, Varghese P. Kunnath, Mary M. Kunnath, Koshy M. Thomas, Abraham Varghese, Thomas Chacko, Leelamma Thomas, Vilayil Stephen, Lukose Chacko, Annamma Chacko, George Varghese, Jacob Kuriakose, Baby Thottukadavil, Paulosf Kuriakose [other record references show this first name as "Paulose"], Molly Kuriakose, Chinnamma Paulose, and Paulose Varkey (collectively, the "Objecting Members"). The Objecting Members also stated they were objecting on KCAH's behalf, but McCullough disputes their authority to do so.

–3–

Objecting Members' appeal and deferred the motion to dismiss Chandy's appeal to the submissions panel.

In one issue, Chandy contends the trial court erred by refusing to dissolve the receivership. The Objecting Members make the same contention in their appeal, but rely solely on Chandy's brief. They filed a "Joinder in and Adoption of Brief of Appellant Joseph Chandy" under appellate procedure rule 9.7 without substantive content. *See* TEX. R. APP. P. 9.7 (any party may join in or adopt by reference all or any part of a brief filed in an appellate court by another party in the same case).

We first address the deferred jurisdictional question of Chandy's standing before considering the challenge to the Receivership Order.

**DISCUSSION**

## A. Chandy's standing

The Receiver has filed a motion to dismiss this appeal for lack of subject matter jurisdiction, arguing that Chandy "has no justiciable interest in the [Receivership] Order, [and] thus lacks standing to appeal." "Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Standing is implicit in the concept of subject matter jurisdiction." *Id.* "Subject matter jurisdiction is never presumed and cannot be waived." *Id.* at 443–44.

Because standing is a component of subject matter jurisdiction, we consider Chandy's standing under the same standard by which we review subject matter

–4–

jurisdiction generally. *See id.* at 446. "That standard requires the pleader to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* In our review, we construe the pleadings in favor of the pleader, looking to the pleader's intent, and, if necessary, review the entire record to determine if any evidence supports standing. *Id.* A party of record is normally entitled to appeal; however, that party's own interest must be prejudiced before it has standing to appeal. *Reynolds v. Reynolds*, 860 S.W.2d 568, 570 (Tex. App.—Dallas 1993, writ denied). An appellant has the burden of making a prima facie showing of prejudice. *Gorman v. Gorman*, 966 S.W.2d 858, 864 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

The Receiver argues that Chandy has no legally cognizable interest in the outcome of the settlement with Abraham or the dissolution of the receivership. He contends that Chandy has not "articulated any particularized harm that would befall him" as a result of the Receiver's continued management and control of KCAH. He argues that Chandy's "hidden motive" was to hinder or preclude KCAH's claims under the Texas Uniform Fraudulent Transfer Act that can be best raised by a receiver. *See* TEX. BUS. & COM. CODE §§ 24.001–24.013 ("TUFTA"); *Magaraci v. Espinosa*, Nos. 03-14-00515-CV and 03-14-00518-CV, 2016 WL 858989, at *8 (Tex. App.—Austin Mar. 4, 2016, no pet.) (mem. op.) (receiver has standing to sue under TUFTA as representative of corporation and corporation's creditors to preserve and recover corporation's assets) (citing and discussing *Cotten v. Republic Nat'l Bank*, 395 S.W.2d 930, 941 (Tex. App.—Dallas 1965, writ ref'd n.r.e.)). As

explained in *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. E Court, Inc.*, No. 03-02-00714-CV, 2003 WL 21025030, at \*5 (Tex. App.—Austin May 8, 2003, no pet.) (mem. op.):

> Generally, a receiver has no greater powers than the corporation had as of the date of the receivership. However, when the receiver acts to protect innocent creditors of insolvent corporations . . . the receiver acts in a dual capacity, as a trustee for both the stockholders and the creditors, and as trustee for the creditors he can maintain and defend actions done in fraud of creditors even though the corporation would not be permitted to do so.

*Id.* (internal quotations and citations omitted).

Chandy argues that he is a secured creditor and has standing in that capacity to protect his "economic and legal interest," citing civil practice and remedies code section 64.001(a)(2). *See* TEX. CIV. PRAC. & REM. CODE § 64.001(a)(2) (availability of receivership remedy; court may appoint receiver "in an action by a creditor to subject any property or fund to his claim"). The Receiver responds that after Chandy's nonjudicial foreclosure, Chandy is no longer a secured creditor and is not asserting a deficiency claim.

As the Receiver argues, "a creditor, to be entitled to a receivership, must be a secured creditor." *See, e.g.*, *Jay & VMK, Corp. v. Lopez*, 572 S.W.3d 698, 704 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (collecting cases for proposition that since 1890, courts have "uniformly held" that "creditor" as used in receivership statute means "secured creditor"). The Receiver explains that when Chandy "exercised a self-help remedy of non-judicial foreclosure in 2017," any deficiency

was "merely an unsecured claim," and in any event, Chandy is not claiming any deficiency. *See Cha v. Branch Banking & Tr. Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at *4 (Tex. App.—Dallas Aug. 25, 2015, pet. denied) (mem. op.) ("If, after a foreclosure sale has been conducted, there is a deficiency, the deficiency amount may be considered unsecured."). Consequently, the Receiver argues, Chandy "cannot claim creditor status at all, secured or unsecured."

Chandy also argues that his "economic and legal interest is the same" as if he were seeking appointment of a receiver rather than removal, so section 64.001(a)(2) applies equally to an action to remove a receiver. *See* TEX. CIV. PRAC. & REM. CODE § 64.001(a)(2) (receiver may be appointed "in an action by a creditor to subject any property or fund to his claim"). But as the Receiver argues, a creditor applying for appointment of a receiver (1) "must have a probable interest in or right to the property or fund," and (2) "the property or fund must be in danger of being lost, removed, or materially injured." *Id.* § 64.001(b). Post-foreclosure, Chandy's "economic and legal interest" is no longer to preserve property or a fund that is in danger of being lost or materially injured.

As the Receiver argues, Chandy "does not have a justiciable interest in whether the trial court's upholding of the receivership was a proper exercise of judicial discretion or not." Consequently, we conclude that Chandy lacks standing to appeal the Receivership Order. *See Reynolds*, 860 S.W.2d at 570 (party's own interest must be prejudiced before it has standing to appeal). We dismiss Chandy's

appeal for lack of jurisdiction. *See, e.g., Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) ("Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss.").

## B. Objecting Members' appeal

### 1. Jurisdiction

We first note that we have jurisdiction over the Objecting Members' appeal even though its timeliness was dependent on Chandy's. As we have discussed, we granted Chandy's motion for extension of time to file his notice of appeal and deemed his notice timely for jurisdictional purposes. *See* TEX. R. APP. P. 26.3 (requirements to obtain extension of time to file notice of appeal). "The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1(b).

Objecting Members' notice of appeal, filed in the trial court 14 days after Chandy's, was timely under rule 26.1(d). *See* TEX. R. APP. P. 26.1(d) (providing in part that if any party timely files a notice of appeal, another party may file a notice 14 days after the first-filed notice). Our lack of jurisdiction over Chandy's appeal does not divest jurisdiction over Objecting Members' appeal. "[W]here jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." *Flynt v. Garcia*, 587 S.W.2d 109, 109–10 (Tex. 1979) (per curiam).

## 2. Review of trial court's ruling

Objecting Members[2] argue that a receivership "may be vacated or dissolved at any time upon proper showing that the allegations upon which the receiver was appointed are no[ ] longer true," citing *Massey v. Greenwood*, 56 S.W.2d 1103, 1105 (Tex. App.—Texarkana 1932, no writ). They further argue "the record must show that the pleadings and evidence are sufficient to justify" the receivership's continuation, citing *Estate of Price*, 528 S.W.3d 591, 594 (Tex. App.—Texarkana 2017, no pet.).

We review the trial court's decision whether to terminate a receivership under an abuse of discretion standard. *E Court, Inc.*, 2003 WL 21025030, at *3. We may not substitute our judgment for that of the trial court, and may reverse only when the court acted arbitrarily, unreasonably or without regard for any guiding rules or principles. *Id.*

Objecting Members argue the receivership is no longer justified because:

- "the Receiver was settling KCAH's claims against Abraham for an insufficient amount and without adequate explanation,"

- "while the Receiver was appointed in order to get around conflicts of interest on KCAH's board, that circumstance no longer exist[s],"

---

[2] As noted, Objecting Members did not independently brief their issue. The only argument challenging the trial court's ruling was made by Chandy and adopted by Objecting Members. *See* TEX. R. APP. P. 9.7. For clarity, however, we address the issue and supporting arguments as if they were made by Objecting Members in the first instance.

- Objecting Members "are adults with sufficient assets to have each invested at least $25,000 in KCAH," "not minors in need of a trustee,"

- the Receiver's authority is limited to pursuing claims on behalf of KCAH itself, not KCAH's creditors, who could assert claims on their own behalf,

- KCAH's insolvency alone is not sufficient reason to continue the "harsh remedy" of receivership, and

- Only three of KCAH's 150 members originally requested appointment of the receiver in 2018, and now more than 50 members have requested that the receivership be dissolved, while no member has requested its continuation.

In the trial court, the Objecting Members combined their request to remove the Receiver with their objections to the settlement with Abraham, and their arguments for removal were premised on their disagreement with the proposed settlement. They argued they "believed that the Receiver was doing an effective job at presenting his case and proceeding towards trial," "[b]ut then, out of nowhere, the Receiver filed its Settlement Motion" that "not only discontinues prosecution of Abraham's egregious conduct, but it rewards Abraham quite handsomely for his apparent fraud."

Objecting Members explained that they "are not looking to take control," and conceded that if they did take control, their effective prosecution of the case against Abraham "would largely be on the back of the Receiver, who built the case." They contended that they "would prefer that the Receiver prosecute his case" against Abraham, but if the Receiver would not, they would "rather terminate the Receiver so that *somebody* will prosecute claims against Joshy Abraham." They concluded:

–10–

Contrary to the suggestion of the Receiver, [Objecting Members] are not "attack[ing] the professionalism of the Receiver *and the appropriateness of the Receivership as a whole*." The [Objecting Members] are suggesting that the Abraham Settlement Agreement is not a good one—that it unduly rewards a bad actor without benefitting those that were truly harmed. [Objecting Members] believe that the Receiver did a good job of building his case, but then bailed out of fear. There is always the possibility of receiving a negative jury verdict, but in this case, it is worth the risk. The Receiver has not met his burden. If the Receiver is not willing to complete the job, then [Objecting Members] want to install someone that will.

(Emphasis added). The trial court decided against these arguments, approving the Abraham settlement in an order that has not been challenged in this appeal.

In its original "Order Granting Plaintiffs' Emergency Application for Appointment of a Receiver," the trial court made fact findings that "As of October 31, 2017, KCAH was balance sheet insolvent by nearly $1 million," and "Faced with no revenues, no prospects for developing the land it owned, and ongoing litigation between and among members of the Board of Directors and former Board of Directors, KCAH does not appear capable of paying its debts as they come due or have the ability to continue as a going concern." In his response to Objecting Members' motion to dissolve the receivership supported by his affidavit, the Receiver stated that all of the factors supporting the original receivership order "are still present to this day."

Further, although KCAH's claims against Abraham have been settled, its claims against Chandy remain pending. *See* TEX. CIV. PRAC. & REM. CODE § 64.033 (receiver may bring suit in his official capacity without permission of appointing

court). "A receiver has a duty to pursue a corporation's claims, including unliquidated claims and causes of action belonging to the corporation, and may not abandon assets because litigation is required to secure them." *E Court, Inc.*, 2003 WL 21025030, at *5 (internal quotation and citation omitted). "The civil practice and remedies code expressly contemplates the need for extension of a receivership in case of litigation." *Id.* at *6 (citing TEX. CIV. PRAC. & REM. CODE § 64.072 that allows extension of receivership past three years if "litigation prevents the court from winding up the affairs of the corporation").

On this record, we conclude the trial court did not abuse its discretion by denying the motion to vacate the Receiver's appointment or to dissolve the receivership. We decide Objecting Members' sole issue against them, and affirm the trial court's Receivership Order.

## CONCLUSION

We dismiss Joseph Chandy's appeal for lack of jurisdiction.

In the Objecting Members' appeal, we affirm the trial court's April 2, 2020, "Order on Motion to Vacate Order Appointing Receiver or to Dissolve Receivership."

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

200510F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOSEPH CHANDY, THOMAS KOOVALLOOR, MATHEW JACOB, RAJU P. ABRAHAM, JOHN VARGHESE, JOHNSON PAULOSE, JAMES KADAVUNKAL, AMMINI MATHEW, ANNIE ABRAHAM, BABY KURIAKOSE, PAILY K. SCARIA, FR. RAJAN PETER, JAMES JOSEPH, GEORGE NIRAPPUKANDATHIL, ALICE VALSAMMA, ABRAHAM CHERIAN, VARGHESE P. KUNNATH, MARY M. KUNNATH, KOSHY M. THOMAS, ABRAHAM VARGHESE, THOAMS CHACKO, LEELAMMA THOMAS, VILAYIL STEPHEN, LUKOSE CHACKO, ANNAMMA CHACKO, GEORGE VARGHESE, JACOB KURIAKOSE, BABY THOTTUKAVAVIL, PAULOSE KURIAKOSE, MOLLY KURIAKOSE, CHINNAMMA PAULOSE, AND PAULOSE

On Appeal from the 471st Judicial District Court, Collin County, Texas
Trial Court Cause No. 471-05907-2017.
Opinion delivered by Justice Osborne. Justices Myers and Carlyle participating.

–13–

VARKEY, Appellants

No. 05-20-00510-CV        V.

KERALA CHRISTIAN ADULT
HOMES, LLC, F/K/A KERALA
CHRISTIAN ADULT HOMES I,
LLC, F/K/A KERALA CHRISTIAN
ADULT HOMES, I, L.P., Appellee

In accordance with this Court's opinion of this date, appellant Joseph Chandy's appeal is **DISMISSED** for want of jurisdiction.

In all other respects, the trial court's April 2, 2020 "Order on Motion to Vacate Order Appointing Receiver or to Dissolve Receivership" is **AFFIRMED**.

It is **ORDERED** that appellee Kerala Christian Adult Homes, LLC, f/k/a Kerala Christian Adult Homes I, LLC, f/k/a Kerala Christian Adult Homes, I, L.P. recover its costs of this appeal from appellants Joseph Chandy, Thomas Koovalloor, Mathew Jacob, Raju P. Abraham, John Varghese, Johnson Paulose, James Kadavunkal, Ammini Mathew, Annie Abraham, Baby Kuriakose, Paily K. Scaria, Fr. Rajan Peter, James Joseph, George Nirappukandathil, Alice Valsamma, Abraham Cherian, Varghese P. Kunnath, Mary M. Kunnath, Koshy M. Thomas, Abraham Varghese, Thomas Chacko, Leelamma Thomas, Vilayil Stephen, Lukose Chacko, Annamma Chacko, George Varghese, Jacob Kuriakose, Baby Thottukadavil, Paulose Kuriakose, Molly Kuriakose, Chinnamma Paulose, and Paulose Varkey.

Judgment entered February 1, 2021